STATE FARM FIRE AND CASUALTY COMPANY v CITIZENS
INSURANCE COMPANY OF AMERICA

Docket No. 47062. Submitted May 6, 1980, at Lansing.—Decided
September 15, 1980.

State Farm Fire and Casualty Company brought an action
against Citizens Insurance Company of America seeking a
declaratory judgment regarding its right to partial recoupment
from defendant for personal protection insurance benefits paid
under a no-fault insurance policy issued by plaintiff. Defendant
moved for summary judgment for failure to state a claim upon
which relief could be granted, which motion was granted,
Jackson Circuit Court, James G. Fleming, J. Plaintiff appeals,
alleging that the trial court erred in interpreting the control-
ling statutes and in granting defendant's motion. *Held:*

Plaintiff insured the named insured against the risk of per-
sonal injury while driving a particular vehicle. Defendant did
not insure the same vehicle, and plaintiff was, thus, in a higher
order of priority with respect to providing personal protection
insurance benefits and may not recoup any portion of the
benefits from defendant under the controlling statutes. In
addition, plaintiff had no common law right to recoupment

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d (Rev), Automobile Insurance § 366.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

[2] 7 Am Jur 2d (Rev), Automobile Insurance § 126 *et seq.*
Automobile liability insurance policy as covering, in the absence of
specific exclusion, personal injury or death of, or loss sustained
by, named or additional insured. 15 ALR3d 711.

[3] 7 Am Jur 2d (Rev), Automobile Insurance § 105 *et seq.*
Construction and effect of exclusionary clause in automobile liabil-
ity policy making policy inapplicable while vehicle is used as a
"public or livery conveyance." 30 ALR2d 273.

[4] 7 Am Jur 2d (Rev), Automobile Insurance § 34.
73 Am Jur 2d, Statutes § 278.

[5] 7 Am Jur 2d (Rev), Automobile Insurance § 368.

[6] 7 Am Jur 2d (Rev), Automobile Insurance § 351 *et seq.*

[7, 8] 7A Am Jur 2d, Automobile Insurance § 437.

against defendant, as defendant did not insure the same risk as plaintiff.

Affirmed.

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — STATUTES.

The no-fault act provides for issuance of policies insuring vehicles primarily, not persons (MCL 500.3101[1]; MSA 24.13101[1]).

2. INSURANCE — AUTOMOBILES — PERSONAL PROTECTION BENEFITS — STATUTES.

The obligation of an insurance company to pay personal protection benefits is not tied to a particular vehicle in all cases; an insurance company is also obligated to pay benefits for injuries suffered by a named insured or certain of his relatives while occupying a vehicle not insured by the named insured's policy or while not an occupant of a motor vehicle (MCL 500.3114[1], 500.3115[1]; MSA 24.13114[1], 24.13115[1]).

3. INSURANCE — AUTOMOBILES — PERSONAL PROTECTION BENEFITS — STATUTES.

An insurer of a motor vehicle should provide personal protection benefits to persons suffering accidental bodily injury as operators or passengers of an insured vehicle operated in the business of transporting passengers which does not come within the statutory exceptions and to employees and certain of their relatives suffering such injury while occupants of an insured motor vehicle owned or registered by their employer (MCL 500.3114[2], [3]; MSA 24.13114[2], [3]).

4. INSURANCE — AUTOMOBILES — NO-FAULT STATUTE — CONSTRUCTION — STATUTES.

The no-fault automobile statute is remedial in nature and should be construed liberally in favor of the persons intended to be benefited by the statute (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — ANTI-STACKING PROVISION — STATUTES.

A person, whose injury is covered by no-fault insurance, cannot benefit by having more than one policy of insurance applicable to the cause of the injury because of the statutory anti-stacking provision (MCL 500.3115[3]; MSA 24.13115[3]).

6. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS.

The ability of an insurer to limit coverage to a particular vehicle

under the no-fault automobile insurance act is not absolute with respect to personal protection benefits.

7. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — RECOUP-
MENT PROVISIONS — STATUTES.

The statutory recoupment provision of the no-fault automobile insurance act is not limited in its application to situations involving nonoccupants of a motor vehicle and provides for orders of priority for payment of claims for accidental bodily injury while an occupant of a motor vehicle (MCL 500.3114[1], [4], 500.3115[1], [2]; MSA 24.13114[1], [4], 24.13115[1], [2]).

8. INSURANCE — RIGHT OF RECOUPMENT — COMMON LAW.

A general right of recoupment exists under the common law for insurers that insure the same risk.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *John A. Yeager*), for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klassen, P.C.*, for defendant.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

CYNAR, P.J. Plaintiff filed an action seeking a declaratory judgment as to plaintiff's right to partial recoupment from defendant for certain personal protection insurance benefits paid under a no-fault automobile insurance policy issued by plaintiff. Following a hearing, the trial court granted defendant's motion for summary judgment made pursuant to GCR 1963, 117.2(1). Plaintiff's motion for rehearing was denied, from which plaintiff takes this appeal as of right.

The facts relevant to this appeal are as follows: Donna Schilling, wife of Paul Schilling, died as a result of an automobile accident on October 24, 1976. At the time of the accident, she was driving a 1976 Chevrolet van. The van was jointly owned

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the Schillings and was covered by an insurance policy issued by plaintiff, on which Mrs. Schilling was the named insured.

At the time of the accident, the Schillings also jointly owned two pickup trucks. Both trucks were covered by insurance policies issued by defendant, on which Mrs. Schilling was a named insured.

Plaintiff paid survivor's benefits to Mr. Schilling until his remarriage in April, 1977. Payments totaled $1,966.25.

On appeal, the following question has been presented for our decision.

Where one person was a named insured on no-fault automobile insurance policies from different insurance companies covering different vehicles and was involved in an accident while driving one vehicle, which accident resulted in the death of that named insured, can the company which issued the policy covering that vehicle partially recoup from the other insurer personal protection insurance benefits paid?

Plaintiff, of course, contends that the question should be answered in the affirmative. In support of that position plaintiff argues that no-fault coverage is coverage of the person, not the vehicle, since personal protection benefits are payable whether the person suffers an injury in his own vehicle, as an occupant of another vehicle, or while not occupying any vehicle and that, accordingly, the trial court's reading of MCL 500.3114(1); MSA 24.13114(1) was erroneous. Further, since Mrs. Schilling was a named insured under both policies, the limitation on recoupment contained in the above-cited section was not applicable.

Additionally, plaintiff argues that MCL 500.3115(2); MSA 24.13115(2) provides for partial recoupment where two or more insurers are in the

same order of priority for provision of personal protection benefits and that the trial court reversibly erred in holding that this subsection applies only to nonoccupants, for only the application of subsection (1) of this statute is so limited. Finally, plaintiff claims that the common law also permits recoupment from an insurer that insured the same risk that has been paid for by the first insurer.

Defendant naturally urges affirmance of the trial court's decision. Defendant contends that the no-fault act provides for the issuance of policies insuring vehicles, not persons and that coverage under no-fault policies may be extended to afford benefits to a named insured although the covered vehicle was not involved in the accident, but only in a narrow range of circumstances. Defendant argues that these narrow circumstances cover situations in which, under prior law, the injured victim frequently was left without compensation.

In addition, defendant claims that MCL 500.3115(2); MSA 24.13115(2) applies only to nonoccupants, since the subsection refers to the order of priority created in subsection (1), and subsection (1) expressly applies only to nonoccupants.

Lastly, defendant contends that plaintiff's reliance on a supposed common law right of recoupment begs the question and that, while the common law may permit a recoupment from an insurer that insured the same risk that has been paid for by the first insurer, the question here is whether the insurers insured the same risk.

We agree with defendant that the no-fault act provides for issuance of policies insuring *vehicles.* See *State Farm Mutual Automobile Ins Co v Sentry Ins,* 91 Mich App 109, 114; 283 NW2d 661 (1979), *lv den* 407 Mich 911 (1979), and *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231; 293

NW2d 594 (1980), *aff'g* 83 Mich App 207; 268 NW2d 349 (1978), both of which interpret MCL 500.3101(1); MSA 24.13101(1) in this fashion. Moreover, the security required under this provision must be in effect continuously during the period of registration of a *motor vehicle* which is required to be registered in this state. Finally, MCL 500.3102(2); MSA 24.13102(2) speaks of "a *motor vehicle* with respect to which security is required". (Emphasis supplied.) Thus, it is manifest that the insurance policies issued under the act are *primarily* issued with respect to vehicles, not persons.

However, MCL 500.3114(1); MSA 24.13114(1) provides:

"Except as provided in subsections (2) and (3),[1] a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer."

This subsection of the statute applies the insurance policy to accidental bodily injury of the named insured, among others. It contains no requirement that the policy apply to any particular vehicle.

MCL 500.3114(4); MSA 24.13114(4) provides:

"Except as provided in subsections (1) to (3), a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insur-

---

[1] Subsections (2) and (3) of MCL 500.3114; MSA 24.13114 relate to "commercial" situations and are not applicable in the case at bar.

ance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied."

In this subsection, the statute speaks of "the insurer of the owner" not "the insurer of the vehicle". Here, both companies were insurers of the owner.

It is clear that the Legislature's choice of such language was not accidental. That the obligation of the insurance company to pay personal protection benefits is not tied to a particular vehicle in all cases does not, however, mean that the Legislature intended to discard all ties between the obligation to pay benefits and the vehicle.

The Legislature *extended* coverage to injury suffered by a named insured or certain relatives while occupying a vehicle not insured under the named insured's policy. See MCL 500.3114(1); MSA 24.13114(1), *Citizen's Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975), *lv den* 396 Mich 834 (1976), *Bierbusse v The Farmers Ins Group of Cos,* 84 Mich App 34; 269 NW2d 297 (1978). MCL 500.3114(1); MSA 24.13114(1) and MCL 500.3115(1); MSA 24.13115(1) have also been held to extend coverage to injury suffered by a named insured or certain relatives while not an occupant of a motor vehicle. See, *e.g., Esquivel v American Fidelity Fire Ins Co,* 90 Mich App 56; 282 NW2d 240 (1979).

It must be noted that these were circumstances where, if the insurance was limited to a particular vehicle, the victim would not have been covered. Such is not the case here. Thus, the reason for the rule does not obtain. In other circumstances, the

Legislature made clear that the insurer of the *motor vehicle involved* was responsible. See MCL 500.3114(2) and (3); MSA 24.13114(2) and (3):

"(2) A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled *from the insurer of the motor vehicle.* This subsection shall not apply to a passenger in the following, unless that passenger is not entitled to personal protection insurance benefits under any other policy:

"(a) A school bus, as defined by the department of education, providing transportation not prohibited by law.

"(b) A bus operated by a common carrier of passengers certified by the public service commission.

"(c) A bus operating under a government sponsored transportation program.

"(d) A bus operated by or providing service to a nonprofit organization.

"(e) A taxicab insured as prescribed in section 3101 or 3102.

"(3) An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled *from the insurer of the furnished vehicle.*" (Emphasis supplied.)

In *Bierbusse, supra,* 37, the court said:

"The no-fault automobile statute is remedial in nature, attempting to correct the deficiencies found in the old tort system. See, *Shavers v Attorney General,* 65 Mich App 355, 366; 237 NW2d 325 (1975), *lv gtd,* 396 Mich 869 (1976). Remedial statutes are to be construed liberally in favor of the persons intended to be benefited by the statute. *Hockenhull v Cutler Hubble, Inc,* 39

Mich App 163; 197 NW2d 344 (1972), *Hite v Evart Products Co,* 34 Mich App 247, 252; 191 NW2d 136 (1971)."

The plaintiff herein is not a person intended to be benefited by the statute and so cannot invoke the liberal construction rule. Plaintiff has not argued that the construction it advocates would benefit an injured insured. Because of the "anti-stacking" provision of MCL 500.3115(3); MSA 24.13115(3), it is self-evident that an injured insured could not benefit by having more than one policy applicable to the accident. See *Beaver v Auto Owners Ins Co, Inc,* 93 Mich App 399; 286 NW2d 884 (1979).

MCL 257.1104; MSA 9.2804 provides in pertinent part:

"(1) The owner or operator of a motor vehicle who operates or permits its operation upon the highways of this state shall produce, in accordance with subsection (2) of this section, upon the request of a peace officer, evidence that the vehicle is an insured motor vehicle.

"(2) An owner or operator of a motor vehicle who fails to produce evidence when requested to do so or within 72 hours thereafter is guilty of a misdemeanor. A certificate of insurance, if issued by an insurance company, stating that there is in force a liability policy meeting the requirements of this act, shall be accepted as prima facie evidence of insurance being in force until the expiration date shown on the certificate. The certificate shall state the name of each person named on the policy, policy declarations or declaration certificate whose operation of the vehicle causes the liability coverage to become void."

It is apparent that in drafting the above section the Legislature had in mind a tie between the insurance policy and a particular insured vehicle. This section is still viable under no-fault; see MCL 500.3009; MSA 24.13009 and MCL 500.3131; MSA

24.13131. Under pre-no-fault law, the insurer could limit its coverage to a particular vehicle. 7 Am Jur 2d, Automobile Insurance, § 225, pp 761-762. As has been seen, under no-fault this ability to limit coverage to a particular vehicle is no longer *absolute* with respect to personal protection benefits. However, it does not follow that because the Legislature abolished this ability in some instances, it meant to abolish it in all instances. If the Legislature intended that personal protection benefit coverage never be limited to a particular vehicle, it would have said so expressly.

Plaintiff is correct in arguing that the recoupment provision of MCL 500.3115(2); MSA 24.13115(2) is not limited in its application to situations involving nonoccupants. The reference to nonoccupants is contained only in subsection (1). Orders of priority are provided for in MCL 500.3114(4); MSA 24.13114(4) and implicitly in MCL 500.3114(1); MSA 24.13114(1) as well as in subsection (1) of § 3115. MCL 500.3115(1); MSA 24.13115(1). Plaintiff is also correct in contending that there is a general right of recoupment under the common law for insurers that insure the same risk. 44 Am Jur 2d, Insurance, § 1818, p 743. However, to invoke these rights of recoupment, plaintiff must have insured the same risk as defendant.

We conclude that defendant did not insure the same risk as plaintiff, *i.e.*, defendant did not insure Mrs. Schilling against the risk of personal injury while driving her van, the risk against which plaintiff did insure. Therefore, it is clear that plaintiff was in a higher order of priority with respect to providing personal protection insurance benefits and may not recoup from defendant any portion of those benefits paid under MCL

500.3115(2); MSA 24.13115(2). Concomitantly, we conclude that in a situation such as in the case *sub judice,* § 3114(1), MCL 500.3114(1); MSA 24.13114(1), should be read as indicated by the trial court, *viz.,* that the insurer of the motor vehicle involved in the accident *alone* provides personal protection insurance benefits, without entitlement to recoupment. As defendant did not insure the same risk as plaintiff, no common law right of recoupment exists in plaintiff apart from the act.

The decision of the trial court is affirmed. No costs, interpretation of a statute being involved.