WINTERS v NATIONAL INDEMNITY COMPANY

Docket No. 58797. Submitted June 14, 1982,. at Detroit.—Decided
October 6, 1982.

Loretta Winters brought an action to recover no-fault automobile
insurance benefits as a result of the accidental death of her
husband, Robert Winters. Defendants were: National Indemnity
Company, insurer of Winters's tractor-trailer which he leased
to his employer; Detroit Automobile Inter-Insurance Exchange,
insurer of Winters's personal vehicle; and St. Paul Fire &
Marine Insurance Company, insurer of the tractor-trailer
through a policy issued to the employer. Mr. Winters was
struck by a car while he was standing alongside the roadway.
He had left his disabled tractor and crossed the roadway and
was waiting to be picked up by a fellow employee driving his
own tractor-trailer. The Wayne Circuit Court, Patrick J. Dug-
gan, J., granted summary judgment in favor of St. Paul, finding
that Winters was not an occupant of the co-employee's truck at
the time of the accident. The trial court then found there were
no exclusions in National Indemnity's policy which would
relieve it of liability and determined that National Indemnity
and DAIIE were in equal rank of priority and should share
equally in the payment of benefits. Summary judgment for
plaintiff was granted to that effect, and National Indemnity
appeals. *Held:*

1. National Indemnity has no standing to appeal the sum-
mary judgment in favor of St. Paul, having filed no cross-claims
against St. Paul in the trial court, and the plaintiff having
accepted that ruling.

2. Mr. Winters was not an occupant of his co-employee's
tractor-trailer at the time of the accident. Therefore, the em-

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 591.
  73 Am Jur 2d, Summary Judgment § 31.
[2] 7 Am Jur 2d, Automobile Insurance § 354.
  Validity and construction of no-fault automobile insurance plans.
  60 ALR3d 651.
[3] 7 Am Jur 2d, Automobile Insurance § 20.
  7A Am Jur 2d, Automobile Insurance §§ 418, 425.

ployer's insurer, St. Paul, is not liable for payments of no-fault benefits.

3. Appellant claims that it is not liable for payment of benefits because of a policy endorsement containing certain exclusions. However, none of the exclusions apply to the facts of this case.

4. The trial court properly found that there was no order of priority as between National Indemnity and DAIIE and that, therefore, the two insurers should divide equally the liability for payment of the benefits.

Affirmed.

1. APPEAL — STANDING TO APPEAL — CODEFENDANTS.

A defendant has no standing to appeal a summary judgment in favor of a codefendant where the defendant filed no cross-claims against the codefendant and where the plaintiff accepted the summary judgment ruling.

2. INSURANCE — NO-FAULT INSURANCE — OCCUPANT.

A claimant was not an "occupant" of a motor vehicle for purposes of the payment of personal protection insurance benefits by the insurer of the motor vehicle where he had left his own disabled vehicle, crossed the street to wait for a companion to turn the companion's vehicle around before entering the companion's vehicle, and was struck by a third vehicle while so waiting.

3. INSURANCE — LIABILITY INSURANCE — POLICY ENDORSEMENTS.

An endorsement to an automobile insurance policy which purports to limit the statutorily required liability coverage is void as contrary to public policy.

*Donald J. Morbach & Associates, P.C.* (by *Lucetta F. Selecky),* and *Ulanoff, Ross, Summer, LaKritz, Wesley & Bloom, P.C.* (by *Barry F. LaKritz),* for National Indemnity Company.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *A. Randolph Judd),* for Detroit Automobile Inter-Insurance Exchange.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Ernest R. Bazzana),* for St. Paul Fire & Marine Insurance Company.

Before: V. J. Brennan, P.J., and D. C. Riley and
V. R. Payant,* JJ.

V. R. Payant, J. National Indemnity appeals as
of right from an order of partial summary judg-
ment in which the trial court found that National
Indemnity and DAIIE were liable in equal propor-
tion for plaintiff's no-fault insurance benefits.

The underlying facts are not in substantial dis-
pute. On November 10, 1978, Robert Winters,
plaintiff's decedent, was operating a tractor-trailer
which he owned and leased to his employer, Allied
Delivery System, Inc. (Allied). Willie Penilton also
owned a tractor which he leased to Allied. Win-
ters's vehicle became disabled and Penilton was
dispatched by Allied to go out to Plymouth Road
to pick up the trailer, which he did. Penilton drove
east on Plymouth Road and found Winters at a
general store. Penilton offered to drive Winters
back to Allied. They first drove back to the site of
the disabled tractor to retrieve some paperwork.
After they got the paperwork, Penilton got back in
his tractor and pulled away from where Winters
was standing and began to turn to straighten out
the tractor. Winters told him to pull across the
road and he would get in after the tractor was
straightened out. Penilton next saw Winters lying
in a ditch after he was hit by a car driven by
Richard Sanocki. Sanocki testified that he swerved
to avoid the tractor-trailer which was blocking
both lanes of traffic and struck Winters, who was
standing on the shoulder of the road.

The Winters and Penilton tractors were insured
by St. Paul Fire & Marine Insurance (St. Paul)
under a policy issued to Allied. Winters's tractor
was also insured by National Indemnity with a

* Circuit judge, sitting on the Court of Appeals by assignment.

policy of "bobtail" coverage. DAIIE insured Winters's personal vehicle.

The trial court granted St. Paul's motion for summary judgment, finding that Winters was not an occupant of Penilton's truck at the time of the accident. The court also found that no exclusions in National Indemnity's policy applied in order to relieve it of liability. Consequently, the court granted summary judgment in favor of plaintiff against National Indemnity and DAIIE and distributed the liability for plaintiff's no-fault benefits equally between the two insurers since they were in the same order of priority.

On appeal, National Indemnity challenges the trial court's entry of summary judgment in favor of St. Paul based on its findings that Winters was not an occupant of his employer's vehicle, nor was he a "named insured" on St. Paul's policy. It further contests the order of partial summary judgment holding itself and DAIIE equally responsible for plaintiff's no-fault benefits.

Initially, we note that National Indemnity lacks standing to appeal the summary judgment in favor of St. Paul where it filed no cross-claims against St. Paul and plaintiff accepted the trial court's ruling. It is a well-recognized rule that "one party cannot claim another party's appellate opportunities". *Kewin v Melvindale-Northern Allen Park Public Schools Bd of Ed,* 65 Mich App 472, 483; 237 NW2d 514 (1975).

While this precludes our consideration of whether Winters qualifies as a named insured under his employer's policy, we still must address the question of occupancy since it is relevant in determining priority between the defendant insurance companies. See *Davis v Auto-Owners Ins Co,* 116 Mich App 402; 323 NW2d 418 (1982). There is

no doubt that plaintiff is entitled to no-fault benefits in that Mr. Winters's injuries arose out of the operation of a moving motor vehicle as a motor vehicle. MCL 500.3105; MSA 24.13105; *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 314-315; 282 NW2d 301 (1979), *lv den* 407 Mich 895 (1979). Once it is established that a claimant is entitled to no-fault benefits, it is necessary to determine which insurance company is liable for those benefits. MCL 500.3115; MSA 24.13115 provides, in pertinent part:

"Sec. 3115. (1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident."

Section 3115 only applies if Winters was not an "occupant" of the Penilton tractor-trailer at the time of the accident.[1] If he was an occupant of the Penilton tractor-trailer at the time of the accident then MCL 500.3114(3); MSA 24.13114(3)[2] applies and his employer's insurer, St. Paul, would be primarily liable.

In the recent case of *Kalin v DAIIE,* 112 Mich App 497; 316 NW2d 467 (1982), this Court re-

---

[1] Appellant does not claim that Winters was an occupant of his own tractor-trailer at the time of the accident.

[2] MCL 500.3114(3); MSA 24.13114(3) provides:

"(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."

viewed the case law surrounding the "occupancy" issue. In that case, the plaintiff was injured when he was struck by a moving vehicle on his third trip to a store from his delivery truck. The Court held that plaintiff was not an "occupant" under the statute. In reaching its decision, the Court noted there was a distinction between the term "occupying" as used in an automobile insurance policy and the term as used in the statute. Language in an insurance policy is to be strictly construed against the insurer but statutory provisions are to be interpreted according to their commonly accepted meanings. The Court further distinguished those cases which found the plaintiff to be an "occupant", noting that the plaintiff's injuries were not sustained "immediately" after occupying his employer's vehicle and the injury was not as a result of any contact with the vehicle. The Court concluded that, at the very least, immediate prior occupancy was necessary to a finding of "occupancy" under the statute. *Id.,* pp 502-506; *cf. Davis v Auto-Owners Ins Co, supra.*

In the instant case, Winters had left the Penilton vehicle to retrieve paperwork from his own vehicle. He had crossed the street and told Penilton that he would wait until he turned around before entering the vehicle. Winters was simply walking along the shoulder of the road as a pedestrian waiting for Penilton to turn around. Under these facts, we uphold the trial court's finding that Winters was not an occupant, there being no immediate prior occupancy and no physical contact with the tractor-trailer prior to the accident.

Since Winters was not an occupant, St. Paul, the employer's insurer, is not liable for plaintiff's no-fault benefits. The priority provisions of § 3115 therefore govern in determining liability as be-

tween National Indemnity and DAIIE, Winters's personal insurer.

National Indemnity claims that its "bobtail" policy on Winters's tractor was intended to cover the tractor only when it was not being used under Allied's lease, which intent is evidenced by the policy's contingent liability endorsement which, if applicable, is void as contrary to public policy because it limits the statutorily required coverage.[3] We find that the trial court properly concluded that none of the exclusions listed in the contingent liability endorsement applied given the facts in this particular case. Winters's tractor was not being used for transporting goods or for loading or unloading (exclusion 2). It was also not being used for towing or transporting any trailer or semi-trailer (exclusion 3). Finally, since Winters was not an occupant, Allied, Winters's employer, had not provided other valid and collectible insurance applicable to the accident. Hence, exclusions 4 and 5 do not apply. Because we find the exclusions to be

---

[3] The "Contingent Liability Endorsement" provided, in relevant part:

"1. such insurance only applies to the named insurer.

"2. such insurance does not apply during such time as the automobile is used for transporting goods or merchandise, or while such goods or merchandise is being loaded or unloaded from the insured automobile.

"3. such insurance does not apply while the power unit (tractor) is used for the towing or transporting of any trailer or semi-trailer, or while the power unit is in the process of having a trailer or semi-trailer attached to or detached from it, unless such trailer of [sic] semi-trailer is owned by the named insured and specifically described in this policy.

"4. such insurance does not apply during such time as the named insured is operating, maintaining or using the automobile for or on behalf of any person or organization.

"5. such insurance does not apply during such time as the named insured is acting as an agent or employee of any person or organization.

"provided, however, such person or organization has provided other valid and collectible insurance, whether primary, excess or contingent in accordance with chapter 31 of the Michigan Insurance Code."

inapplicable on their face, we need not address the public policy issue.

The final issue before us concerns whether the trial court erred in holding National Indemnity and DAIIE equally liable for plaintiff's no-fault benefits. The basis for equal contribution among insurers is found in MCL 500.3115(2); MSA 24.13115(2), which states:

> "(2) When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers."

DAIIE contends that National Indemnity stood ·in a higher order of priority as the insurer of Winters's tractor which, because of its close proximity to the accident, was a vehicle involved in the accident. In support of its contention, DAIIE cites *State Farm Fire & Casualty Co v Citizens Ins Co of America,* 100 Mich App 168; 298 NW2d 651 (1980).

In *State Farm, supra,* the claimant was injured while driving a van insured by the plaintiff. The injured claimant and her husband also owned other vehicles insured by the defendant. The Court held that plaintiff was in a higher order of priority, being the insurer of the motor vehicle involved in the accident. The Court further noted that plaintiff had no right to partial recoupment from defendant for the personal protection insurance benefits paid since it had insured the claimant against the particular risk she incurred, whereas defendant had not insured against the same risk. *Id.,* pp 177-178.

We agree with the trial court that *State Farm* is distinguishable from the instant case. Unlike the claimant in *State Farm,* Winters was not an occupant of any vehicle involved in the accident. We specifically reject the argument that a vehicle's close proximity to the scene of the accident is the same as being "involved" in the accident under the statute. If the Legislature had so intended, it would have clearly worded the statute in those terms.

Thus, because Winters was not an occupant of any motor vehicle involved in the accident, there is no clear reason for establishing any priorities between National Indemnity and DAIIE. We therefore affirm the trial court's order of partial summary judgment which divided the liability for plaintiff's no-fault benefits equally between the two insurers.

Affirmed.