ZAMANI v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 61297. Submitted February 1, 1983, at Lansing.—Decided March 9, 1983.

Plaintiff, Bahram Zamani, was injured in an automobile accident while driving a Camaro which he owned. Prior to the accident, he transferred the insurance he had with defendant, Auto Club Insurance Association, from the Camaro to a Volkswagen which he owned, leaving the Camaro uninsured. Plaintiff obtained a judgment against the other driver, who was uninsured. Plaintiff brought an action against defendant for no-fault benefits under the uninsured motorist provision of the policy. The policy excluded from coverage other owned vehicles not listed in the policy's declaration certificate. The Ingham Circuit Court, Robert Holmes Bell, J., granted summary judgment for defendant. Plaintiff appealed.

A clause in a no-fault insurance policy which in unambiguous language excludes from coverage other uninsured owned vehicles of the policy holder is valid and not contrary to public policy.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — EXCLUSIONS — OWNED VEHICLES.

A clause in a no-fault insurance policy which in unambiguous language excludes from coverage other uninsured owned vehicles of the policy holder is valid and not contrary to public policy.

*Kenneth A. Birch,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 318-325, 351.

Validity of exclusion in automobile insurance policy precluding recovery of no-fault benefits for injuries arising out of the ownership, maintenance, or use of an uninsured vehicle owned by an insured. 18 ALR4th 632.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Everett R. Trebilcock* and *Paula R. Latovick),* for defendant.

Before: T. M. Burns, P.J., and Allen and Cynar, JJ.

Allen, J. In this matter of first impression, plaintiff appeals of right from a summary judgment granted December 1, 1981, in favor of defendant insurer.

On September 22, 1979, plaintiff was injured in an automobile accident. At the time of the accident, he owned two automobiles, a Camaro and a Volkswagen. Approximately 25 days prior to the accident, he transferred the automobile insurance covering the Camaro to the Volkswagen, leaving the Camaro uninsured. He was driving the Camaro at the time of the accident. Plaintiff subsequently sued the driver of the other vehicle involved in the accident and received a $95,000 judgment. However, the other driver was uninsured and plaintiff has been unable to collect the judgment.

Consequently, plaintiff commenced the present action against the defendant, the insurer of plaintiff's Volkswagen at the time of the accident, seeking no-fault insurance benefits under the uninsured motorist provision of the insurance policy. Defendant moved for summary judgment, arguing that plaintiff's injuries were not covered by the policy, since plaintiff's Camaro was not insured. Holding that the insurance policy on plaintiff's Volkswagen was not "portable" so as to cover the plaintiff's injuries sustained while plaintiff was driving the uninsured Camaro, the trial judge entered a summary judgment for defendant on December 1, 1981.

The policy of insurance written on the Volkswagen states that coverage is provided for injuries:

"arising out of the ownership, maintenance, or use, including the loading or unloading thereof, of the owned automobile or of any non-owned automobile."

An owned vehicle is defined in the policy as follows:

"means the vehicle described in the Declaration Certificate and, as defined herein, a temporary substitute automobile, a replacement automobile, and a trailer owned by the insured;"

A non-owned automobile is described as:

"any automobile or trailer, other than a temporary substitute automobile, not owned by, furnished or available for the frequent or regular use of the named insured, relative or other resident of the same household of such named insured, however, an automobile or trailer rented or leased by the named insured or relative for a continuous period of 30 days or less shall not be deemed to be furnished or available for frequent or regular use."

Plaintiff does not deny that the above cited language excludes from coverage any vehicle owned by the insured but not named in the policy's declaration. It is undisputed that plaintiff's Camaro, the vehicle he was driving at the time of the accident, was not named in the declarations of the policy. Therefore, plaintiff's injuries are not covered by the plain language of the policy. Plaintiff argues that public policy demands that the provisions in the policy which act to exclude his injuries from coverage be struck and that the

policy on his Volkswagen be considered "portable", thereby covering his injuries.

Plaintiff relies strongly on *Blakeslee v Farm Bureau Mutual Ins Co of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), and *Boettner v State Farm Mutual Ins Co,* 388 Mich 482; 201 NW2d 795 (1972). Under those decisions the owned vehicle exclusion contained in the policy in the instant case would be invalid. However, those were pre-no-fault act decisions. Commencing with *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980), the Supreme Court ruled that under the no-fault act "other insurance" and "owned vehicle exclusion" clauses would no longer be invalidated. The relevant law was recently discussed in *Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407, 419; 331 NW2d 418 (1982):

"In 1972, in *Blakeslee* and *Boettner,* this Court declared that the industry-wide automobile insurance policy 'other insurance' and 'owned vehicle exclusion' standard clauses, if enforced, would preclude the insured from stacking coverages in violation of the policy inherent in MCL 500.3010; MSA 24.13010, effective January 1, 1966. That statute required that uninsured motorist coverage be affirmatively offered to any and all insureds covered for liability. The Court's reasoning was that it was a violation of the policy of the uninsured motorist statute to permit insurers to take away with anti-stacking clauses what had to be offered by § 3010; *viz.,* full uninsured motorist coverage upon every policy issued.

"In 1973, however, with the enactment of the automobile no-fault act, § 3010 was repealed. With that repeal, the policy justification for invalidating 'other insurance' and 'owned vehicle exclusion' clauses announced in *Boettner* and *Blakeslee* disappeared. Nevertheless, it was not until *Bradley v Mid-Century Ins Co,* 409 Mich 1, 48; 294 NW2d 141 (1980), that this Court announced 'that in [automobile insurance] policies effective on or after October 1, 1973, the date of repeal of the unin-

sured motorist amendment, other insurance clauses which provide that damages shall be deemed not to exceed the policy limits * * * are enforceable and benefits under such policies may not be stacked'."

In *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982), a post-no-fault act insurance policy decision involving mandatory residual liability coverage (and thus distinguishable from the case before us),[1] Justice (now Chief Justice) WILLIAMS stated that he was not addressing the type of situation presented here:

"Our decision today is limited to the facts of this case. We do not consider, for example, whether an insurer, consistent with the terms of the no-fault act, may exclude the owner of an insured automobile from liability coverage during his or her use of an *uninsured* automobile he or she also owns. *Cf.* §§ 3101, 3113(b)." 412 Mich 338. (Emphasis in original.)

Furthermore, in *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355; 314 NW2d 440 (1982), Justice WILLIAMS indicated that an "owned vehicle" clause, which excluded the owner of an insured vehicle from coverage while driving an uninsured vehicle owned by him, was reasonable.

"The policy and purpose of the 'owned automobile exclusion' is to preclude, where an insured purchases more extensive insurance protection on one of his automobiles than on another, the use of the greater protection to cover loss which occurs while the insured is occupying or driving the automobile with the lesser protection. The insurer rightly requires the insured to

---

[1] The issue in *Ruuska* was whether a non-owned vehicle definition could be used to limit the *mandatory* residual liability coverage required by the no-fault act. The instant case is distinguishable from *Ruuska* in that it involves a type of coverage that is *voluntary.*

purchase coextensive coverage on his two (or more) automobiles if he desires coextensive protection in respect to his two (or more) automobiles.

"Such a requirement and policy by the insurer is, in itself, generally reasonable. The average consumer should understand that to obtain protection in respect to all the automobiles he owns he must purchase coverage on all the automobiles he owns. Likewise, if he expects to enjoy the same kind of coverage, he should understand he must buy the same kind of coverage." 412 Mich 381.

The situation addressed hypothetically by Justice WILLIAMS in *Ruuska* and *Raska* is the actual situation presented in the instant case. Thus, the issue is of first impression. Plaintiff claims, despite the language in *Bradley, supra,* that owned vehicle exclusion clauses were no longer per se void, that public policy demands that victims of automobile accidents be compensated. Plaintiff argues that, because he will be left without a remedy if coverage on his Volkswagen is not found to be portable to his uninsured Camaro, the exclusion clause in the policy at issue should be stricken.

Public policy does not support plaintiff's position. The policy of this state is to require its drivers to insure their vehicles. As defendant points out, the owner or registrant of motor vehicles registered in this state is required to purchase insurance. MCL 500.3101(1); MSA 24.13101(1). The no-fault act denies recovery of no-fault benefits where the driver is uninsured. MCL 500.3113, 500.3173; MSA 24.13113, 24.13173. To adopt plaintiff's arguments would merely encourage owners of more than one vehicle to purchase insurance coverage for only one of their vehicles, leaving their other vehicles uninsured. This fact, in addition to the Supreme Court's language in *Bradley, Ruuska,*

and *Raska* that "owned vehicle" exclusions in post-no-fault insurance policies are not void or unconscionable if such exclusions are clearly expressed in the policy, leads us to conclude that the trial court properly entered summary judgment in favor of defendant.

Affirmed. No costs, a question of public importance being involved.