137 Mich. App. 205 (1984)
357 N.W.2d 329
JOHNSON
v.
MICHIGAN EDUCATIONAL EMPLOYEES MUTUAL INSURANCE COMPANY
Docket No. 74953.
Michigan Court of Appeals.
Decided September 5, 1984.
Sommers, Schwartz, Silver & Schwartz, P.C. (by Stanley S. Schwartz and Richard D. Fox), for plaintiff.
Kohl, Secrest, Wardle, Lynch, Clark & Hampton (by Mark E. Morley), for defendant.
Before: DANHOF, C.J., and T.M. BURNS and T.C. MEGARGLE,[*] JJ.
PER CURIAM.
Carol and Richard Johnson owned three automobiles, a BMW, a Jaguar, and a Thunderbird. Defendant insured all three vehicles. The policies issued for the BMW and the Jaguar had a coordination of benefits endorsement while the policy issued for the Thunderbird did not. The Johnsons' son, Mark Johnson, was driving the Jaguar when it was involved in a serious accident. As a result of this accident, Mark Johnson suffered extensive personal injuries. The Johnsons' primary health carrier insurer, Blue Cross and Blue Shield, covered the majority of Mark Johnson's medical expenses. Pursuant to the coordinated benefits endorsement on the policy issued for the Jaguar, *207 defendant paid the medical expenses not covered by Blue Cross and Blue Shield and also paid wage loss benefits and replacement services benefits. As of March 8, 1984, defendant had paid the Johnsons $103,666.27 in no-fault benefits. Plaintiff then brought suit to recover personal injury protection (PIP) benefits for the amounts that Blue Cross and Blue Shield had paid for medical expenses. Plaintiff could obtain these benefits if the policy issued on the Thunderbird is applicable. The trial court ruled that the policy issued on the Jaguar was applicable and, therefore, pursuant to the coordinated benefits clause plaintiff could not recover the amount previously paid by Blue Cross and Blue Shield. Plaintiff appeals as of right.
The issue for our determination is whether plaintiff can elect coverage under the policy issued for the Thunderbird when the accident occurred in the Jaguar. Plaintiff argues that, since the policies on all of the Johnsons' vehicles are in equal priority, he can elect which policy to base his claim for benefits on. It has been stated generally that the policy of the no-fault act is to insure persons, not motor vehicles, against loss. Lee v DAIIE, 412 Mich 505, 509; 315 NW2d 413 (1982). This general rule, however, is not unlimited. Unlike Lee, this is not a case where the vehicle involved in the accident is not covered by a no-fault policy, forcing the injured party to seek recovery from his own insurer. This is more like State Farm Fire & Casualty Co v Citizens Ins Co, 100 Mich App 168; 298 NW2d 651 (1980). In that case, the decedent and her husband were insured under policies issued by both State Farm and Citizens on various vehicles they owned. At the time of her death, decedent was driving a van insured by State Farm, but she also jointly owned two pickup trucks with her *208 husband insured by Citizens. State Farm paid benefits to decedent's husband but then requested Citizens to reimburse them for the benefits paid. This Court held:
"We conclude that defendant [Citizens] did not insure the same risk as plaintiff [State Farm], i.e., defendant did not insure Mrs. Schilling against the risk of personal injury while driving her van, the risk against which plaintiff did insure. Therefore, it is clear that plaintiff was in a higher order of priority with respect to providing personal protection insurance benefits and may not recoup from defendant any portion of those benefits paid under MCL 500.3115(2); MSA 24.13115(2). Concomitantly, we conclude that in a situation such as in the case sub judice, § 3114(1), MCL 500.3114(1); MSA 24.13114(1), should be read as indicated by the trial court, viz., that the insurer of the motor vehicle involved in the accident alone provides personal protection insurance benefits, without entitlement to recoupment. As defendant did not insure the same risk as plaintiff, no common law right of recoupment exists in plaintiff apart from the act." 100 Mich App 177-178. (Emphasis in original.)
In the instant case, the policy covering the Jaguar was in a higher order of priority than the policy covering the Thunderbird. The coordinated benefits clause in the policy covering the Jaguar lessened defendant's risks and accordingly lowered plaintiff's premium on the policy. If the Johnsons wished to obtain the coverage that they now seek, they easily could have obtained a policy for the Jaguar which did not contain a coordinated benefits clause and paid the higher premiums. Nyquist v Aetna Ins Co, 84 Mich App 589; 269 NW2d 687 (1978), aff'd 404 Mich 817 (1979). Similar reasoning was employed by this Court in Zamani v Auto Club Ins Ass'n, 124 Mich App 29; 333 NW2d 373 (1983). In that case, plaintiff owned two automobiles, *209 a Camaro and a Volkswagen. Plaintiff transferred the insurance policy on the Camaro to the Volkswagen, leaving the Camaro uninsured. He then drove the Camaro and was involved in an accident. Plaintiff then sought to recover benefits on the policy on the Volkswagen under its uninsured motorist provision. This Court stated, "[t]o adopt plaintiff's arguments would merely encourage owners of more than one vehicle to purchase insurance coverage for only one of their vehicles, leaving their other vehicles uninsured". 124 Mich App 34. Likewise, if plaintiff's argument is accepted in the instant case families that owned several automobiles would be encouraged to purchase maximum coverage on one of the automobiles and minimal coverage on the others. Such a situation would unfairly increase the risk on the policies issued with minimal coverage.
Considering the parties' policy arguments and the applicable authorities, we find plaintiff's argument to be without merit. The trial court is, therefore, affirmed.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.