### ALLSTATE INSURANCE COMPANY v TRANSAMERICA INSURANCE COMPANY

Docket No. 72350. Submitted March 7, 1984, at Grand Rapids.— Decided November 7, 1984.

Doris Deering was killed in an automobile accident while driving her husband's car. Plaintiff, Allstate Insurance Company, was the insurer of the automobile. At the time of her death, Mrs. Deering lived with her husband as well as their two sons. Each of the sons owned an automobile, and the sons' automobiles were insured by defendant, Transamerica Insurance Company. Mrs. Deering was not a named insured on any of these no-fault insurance policies. Plaintiff thereafter brought an action in the Kent Circuit Court seeking partial recoupment from defendant for certain no-fault benefits paid by plaintiff to its insured, Mr. Deering, as a result of the accident. The circuit court, Woodrow A. Yared, J., thereafter granted the defendant's motion for a summary judgment for failure to state a claim upon which relief could be granted after determining that plaintiff was the insurer of first priority and hence solely responsible for the payment of no-fault benefits and not entitled to any recoupment from defendant. Plaintiff appeals from that order. *Held:*

Plaintiff is on a higher order of priority because Mrs. Deering was killed while driving the automobile of plaintiff's named insured, Mr. Deering, and not either of the automobiles owned by the defendant's insureds, the two sons. Plaintiff is not entitled to any recoupment from defendant under the recoupment provisions of the no-fault act.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based upon the failure to state

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 230 *et seq.*

[2, 3] 7 Am Jur 2d, Automobile Insurance § 354.

7A Am Jur 2d, Automobile Insurance §§ 437, 438, 443.

Apportionment of payments of no-fault (personal injury protection) benefits between insurers providing coverage to same insured under policies covering different vehicles. 34 ALR4th 374.

[3] 7A Am Jur 2d, Automobile Insurance § 428.

a claim upon which relief can be granted tests the legal basis of the complaint; the factual allegations of the complaint are to be taken as true in determining the motion and the motion is properly granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — RECOUPMENT.

The recoupment provision of the no-fault insurance act provides that when two or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers (MCL 500.3115[2]; MSA 24.13115[2]).

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — PRIORITY.

The priority provision of the no-fault insurance act should be interpreted as making the insurer of the vehicle involved in an accident alone liable for the payment of no-fault benefits, without entitlement to recoupment, where two or more insurers could be liable for the payment of no-fault benefits under the provision (MCL 500.3114[1]; MSA 24.13114[1]).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James R. Piggush),* for plaintiff.

*Dilley, Dewey & Waddell, P.C.* (by *Jonathan S. Damon),* for defendant.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. E. FITZGERALD,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary judgment for defendant under GCR 1963, 117.2(1). Plaintiff had brought suit against defendant seeking partial

* Circuit judge, sitting on the Court of Appeals by assignment.

recoupment from defendant, pursuant to MCL 500.3115(2); MSA 24.13115(2), for certain no-fault benefits paid by plaintiff to its insured, a Mr. Deering. The circuit court determined that plaintiff was the insurer of first priority and hence solely responsible for the payment of no-fault benefits and not entitled to any recoupment from defendant. We affirm.

A motion for summary judgment brought under GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted tests the legal basis of the complaint. The factual allegations of the complaint are to be taken as true, and the motion is properly granted only where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981).

The factual allegations of plaintiff's complaint may be summarized as follows. The no-fault benefits paid by plaintiff to Mr. Deering were because of the death of Mr. Deering's wife, who was killed in an automobile accident while driving her husband's car. Plaintiff was the insurer of Mr. Deering's automobile. At the time of her death, Mrs. Deering lived with her husband as well as their two sons. Each of the sons also owned an automobile, and the sons' automobiles were insured by defendant. The deceased Mrs. Deering was not a named insured on any of these no-fault insurance policies.

The recoupment provision of the no-fault act, MCL 500.3115(2); MSA 24.13115(2), provides as follows:

"When 2 or more insurers *are in the same order of priority* to provide personal protection insurance bene-

fits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers." (Emphasis added.).

There is no dispute in this case that the applicable priority provision is MCL 500.3114(1); MSA 24.13114(1), which provides in pertinent part as follows:

"[A] personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the *person named in the policy, the person's spouse, and a relative of either* domiciled in the same household, if the injury arises from a motor vehicle accident. * * * When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer." (Emphasis added.)

As stated above, the injured person, Mrs. Deering, was not a named insured on any no-fault policy. Rather, the only no-fault policies involved are the policy written by plaintiff, with Mrs. Deering's spouse as the named insured, and the two policies written by defendant, with Mrs. Deering's sons as the named insureds.

Defendant argues that § 3114(1) gives priority to the injured person's own insurer over other insurers, but also gives priority to the injured person's spouse's insurer over the insurer of any other relatives of the injured person domiciled in the same household, citing *Martin v Detroit Automobile Inter-Insurance Exchange,* 135 Mich App 588;

354 NW2d 267 (1983). We need not address this argument since we agree with defendant's alternative argument, based on *State Farm Fire & Casualty Co v Citizens Ins Co of America,* 100 Mich App 168; 298 NW2d 651 (1980), that plaintiff is on a higher order of priority because Mrs. Deering was killed while driving the automobile of plaintiff's named insured, Mr. Deering, and not either of the automobiles owned by defendant's insureds, the two sons.

In *State Farm, supra,* no-fault benefits were paid by the plaintiff insurer to the surviving spouse of a woman who was killed while driving a van covered by an insurance policy issued by the plaintiff on which the deceased was a named insured. The deceased was also the named insured on policies issued by the defendant covering two pickup trucks. The panel of this Court in *State Farm, supra,* held that the plaintiff was not entitled to any recoupment from the defendant because the plaintiff was on a higher level of priority since its policy covered the van in which the deceased was an occupant when killed. The Court noted that the defendant did not insure the same risk as the plaintiff, the insurer of the vehicle involved. The *State Farm* panel concluded that where two or more insurers could be liable for the payment of no-fault benefits under § 3114(1), § 3114(1) should be interpreted as making the insurer of the vehicle involved in the accident alone liable for payment of no-fault benefits, without entitlement to recoupment. *State Farm, supra.*

The *State Farm* approach was followed in the recent case of *Johnson v Michigan Education Employees Mutual Ins Co,* 137 Mich App 205; 357 NW2d 329 (1984). In *Johnson,* the parents of the injured plaintiff owned no-fault policies on a Jaguar, a BMW, and a Thunderbird. Since the injury

occurred while the plaintiff was driving the Jaguar, the Court held that the policy covering the Jaguar was in a higher order of priority than the policy covering the Thunderbird. While *State Farm, supra,* has been found inapplicable in situations where there was no particular vehicle involved in the accident, such as where the injured person was not an occupant of any vehicle at the time of the injury, *Winters v National Indemnity Co,* 120 Mich App 156, 163-164; 327 NW2d 423 (1982); *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767; 356 NW2d 262 (1984), here, as in *State Farm, supra,* the deceased when killed was an occupant of a vehicle. That vehicle was insured by plaintiff, not defendant, and therefore plaintiff is on a higher level of priority and not entitled to any recoupment from defendant under § 3115(2).

Affirmed. Costs to defendant-appellee.