428 Mich. 43 (1987)
405 N.W.2d 85
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
v.
HOME INSURANCE COMPANY
Docket No. 77355, (Calendar No. 14).
Supreme Court of Michigan.
Argued November 13, 1986.
Decided March 20, 1987.
Dickinson, Brandt, Hanlon, Becker & Lanctot (by John H. Cowley, Jr.); (Gromek, Bendure & Thomas, by Nancy L. Bosh, of counsel) for the plaintiff.
*44 Kohl, Secrest, Wardle, Lynch, Clark & Hampton (by Michael L. Updike) for the defendant.
PER CURIAM:
This is a contest between two insurance companies. Personal protection insurance benefits[1] and survivor's loss benefits[2] are payable in this case, but the insurance companies cannot agree which of them must bear this obligation. Under the circumstances of this case, we find that the obligation must be shared, and so we reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for proceedings consistent with this opinion.
I
On November 9, 1980, Vernon Piche was killed in an automobile accident. He was driving a 1977 Mercury Cougar owned by his wife, Patricia Piche, with whom he resided. She was also the named insured and principal driver of the Mercury Cougar. There were a total of six vehicles in the Piche household (several were primarily driven by the Piche children),[3] and Vernon Piche was listed as a *45 named insured on two separate policies issued by DAIIE and Home Insurance Company covering vehicles other than the Cougar.[4]
The plaintiff insurer (DAIIE) began paying benefits to Patricia Piche, and tried unsuccessfully to persuade the defendant insurer (Home Insurance) to reimburse half of the benefits paid and bear half of the future expense. DAIIE argued that, because it and Home Insurance each had issued a policy insuring Vernon, the injured person, each must bear half the expense of providing benefits.[5] Home Insurance responded that because DAIIE was the insurer of the owner of the vehicle in which the fatal accident occurred, DAIIE must carry the burden alone.
On November 9, 1981, DAIIE filed a complaint in Wayne Circuit Court. Each party moved for summary judgment.[6] In May of 1984, the Wayne Circuit Court denied DAIIE'S motion for summary judgment and granted summary judgment for *46 Home Insurance. The Court of Appeals affirmed,[7] and this Court granted DAIIE'S application for leave to appeal. 425 Mich 851 (1986).
II
Which insurer has the higher priority in this case? The answer lies in § 3114 of the no-fault act.[8] MCL 500.3114; MSA 24.13114. On the date of the accident,[9] § 3114(4) read:[10]
(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
(a) The insurer of the owner or registrant of the vehicle occupied.
(b) The insurer of the operator of the vehicle occupied.
Setting aside for a moment the proviso concerning subsections (1) to (3), it is clear that § 3114(4) otherwise would provide that DAIIE is the insurer *47 with the higher priority here, since it was the insurer of Patricia Piche, who owned the 1977 Mercury Cougar in which Vernon Piche suffered his fatal accident.
One must therefore turn to subsections (1) to (3) to see whether those subsections alter the result that would otherwise flow from § 3114(4). Subsections (2) and (3) are inapplicable. Subsection (1) does, however, apply to this case. On the date of this accident, § 3114(1) read:[11]
(1) Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.
The first sentence of that subsection provides *48 that Vernon Piche was covered by the insurance policy that DAIIE issued to his wife, Patricia Piche, as owner of the 1977 Mercury Cougar.[12] Thus he could collect under either policy. The second sentence of § 3114(1) then gives the answer to the present dispute: Since benefits would be payable by either the insurer(s) of the injured person (Vernon Piche), or the insurer of the injured person's spouse (Patricia Piche), the benefits are to be paid by the insurer(s) of Vernon Piche.
Since DAIIE and Home Insurance each had issued a policy that named Vernon Piche as an insured operator, these two insurers are of equal priority. Recoupment is thus appropriate under the language of MCL 500.3115(2); MSA 24.13115(2), quoted in n 5.
This analysis is consistent with our prior decisions. In Michigan Mutual Ins Co v Allstate Ins Co, 426 Mich 346; 395 NW2d 192 (1986), the injured person did not have an automobile insurance policy issued to her. At the time of the accident, she was married, but separated from her husband and living with her mother. Under the first sentence of § 3114(1), she therefore was covered under the policy of her husband and the policy of her mother. The issue in Michigan Mutual was whether the first sentence of § 3114(1) established a priority as between spouses and relatives (i.e., does the fact that the Legislature placed the word "spouse" ahead of the word "relative" mean that the insurer of a spouse has a higher priority than the insurer of a relative?). This Court held that "an insurer of an injured person's spouse and the insurer of a relative domiciled in the same household are in the same order of priority." Id., 352. *49 This Court therefore permitted recoupment under § 3115(2).
The result we reach in this case is also consistent with the Legislature's intent that persons, not vehicles, be insured against loss, as well as the Legislature's concordant desire that persons look primarily to their own insurers for benefits. Lee v DAIIE, 412 Mich 505, 509; 315 NW2d 413 (1982); Underhill v Safeco Ins Co, 407 Mich 175, 191-192; 284 NW2d 463 (1979). Thus, the Legislature's intent is not frustrated by a result that places the burden on an insurer that has written no coverage on the vehicle involved in the accident. Lee, 412 Mich 515-517.
A result contrary to the result we reach today was affirmed in State Farm Fire & Casualty Co v Citizens Ins Co of America, 100 Mich App 168; 298 NW2d 651; 34 ALR4th 367 (1980).[13] Though there are factual distinctions between this case and State Farm, the essential focus of the Court of Appeals in that case (upon the nature of the insurer's risk) was misplaced, and we therefore disapprove State Farm.
III
While policy arguments may be made concerning the wisdom of permitting recoupment under these circumstances, the result in the present case is ordained by the clear language of the statute. For these reasons, we reverse the judgments of the Court of Appeals and the Wayne Circuit Court, and we remand this case to the Wayne Circuit Court for proceedings consistent with this opinion.
*50 RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, JJ., concurred.
GRIFFIN, J., took no part in the decision of this case.
NOTES
[1] MCL 500.3107; MSA 24.13107.
[2] MCL 500.3108; MSA 24.13108.
[3] Other
 Named Principal
 Vehicle Insurer Owner Insured Insured Driver 
 1977 DAIIE Patricia Patricia Patricia
 Mercury
 Cougar
 1969 Home Vernon Vernon Vernon
 Chevrolet
 stake truck
 1971 Ford DAIIE Patricia Patricia Vernon
 pickup
 truck
 1973 Ford DAIIE Patricia Patricia Paul
 Mustang
 1973 DAIIE Patricia Peter Patricia Peter
 Pontiac
 Catalina
 1975 DAIIE Vernon Steven Vernon Steven

[4] At oral argument, and its brief on appeal, DAIIE states that a person listed as "principal driver" is thereby a named insured. Thus Vernon Piche was actually a named insured on the 1971 Ford pickup truck, as well as the 1969 Chevrolet stake truck and the 1975 Plymouth Fury.
[5] 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers. [MCL 500.3115(2); MSA 24.13115(2).]
[6] GCR 1963, 117.2(3); MCR 2.116(C)(10).
[7] Unpublished opinion per curiam of the Court of Appeals, decided July 8, 1985 (Docket No. 78548). The Court of Appeals later denied rehearing, with Judge KELLY indicating in dissent that he now agreed with the arguments advanced by DAIIE.
[8] MCL 500.3101 et seq.; MSA 24.13101 et seq.
[9] On the date of the accident, § 3114 read as provided in 1977 PA 53. Section 3114 has been amended by 1980 PA 445, which was enacted January 15, 1981, and by 1984 PA 372.
[10] This subsection now reads:

(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
(a) The insurer of the owner or registrant of the vehicle occupied.
(b) The insurer of the operator of the vehicle occupied.
[11] This subsection now reads:

(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.
[12] The insurance policy in effect as to the 1977 Mercury Cougar likewise included the named insured's spouse within the definition of "named insured."
[13] State Farm was followed in Allstate Ins Co v Transamerica Ins Co, 138 Mich App 782, 360 NW2d 925 (1984), and Johnson v Michigan Educational Employees Mutual Ins Co, 137 Mich App 205; 357 NW2d 329 (1984), lv den 422 Mich 852 (1985).