MIELA v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 76773. Submitted February 14, 1985, at Detroit. Decided
March 21, 1985.

Petitioner, Brian Miela, individually and as personal representa-
tive of the estate of Katharine Miela, deceased, sought arbitra-
tion of an insurance claim against respondent, Detroit Automo-
bile Inter-Insurance Exchange. An arbitration panel denied the
claim. Petitioner then filed a petition to vacate the arbitration
award in the Wayne Circuit Court. The circuit court, James E.
Mies, J., reversed the arbitrators and entered a judgment in
favor of the petitioner. Respondent appeals. *Held:*

1. The trial court erred in concluding that the arbitrators
made a substantial error of law in construing the policy provi-
sions relevant to this action.

2. The exclusions provided in the policy issued to Katharine
Miela denied her coverage if she was involved in an accident
where other insurance coverage was available to her. Other
insurance coverage was available to her under the facts of this
case. The plain meaning of the other insurance clause in
petitioner's wife's policy precludes coverage under the policy.

The trial court erred in setting aside the arbitrator's award.
The trial court is reversed and the arbitrator's award is rein-
stated.

Reversed.

1. Arbitration — Appeal — Errors of Law.

An arbitration award may be set aside where it appears on the
face of the award, or for reasons stated in the decision, that the
arbitrators, through an error of law, have been led to a wrong

References

Am Jur 2d, Appeal and Error §§ 156-158.

Am Jur 2d, Arbitration and Award §§ 167 *et seq.*

Am Jur 2d, Automobile Insurance §§ 126 *et seq.*

Validity, construction and application of provision of automobile
liability policy excluding from coverage injury or death of in-
sured. 46 ALR3d 1061.

See also the annotations in the ALR3d/4th Quick Index under
Arbitration and Award.

conclusion and that, but for such error, a substantially different award would have been made.

2. Insurance — Automobiles — Guest Passengers — Similar Insurance.

An exclusion clause in an automobile insurance policy providing that the insurance afforded by the policy does not apply to bodily injury sustained while occupying any automobile, other than an owned automobile, to which there is applicable and available to such insured insurance similar to that afforded by this coverage applies and the guest passenger cannot recover on her policy where she sustained bodily injury while occupying an automobile not owned by her, the host driver was the owner, and the host driver's insurance coverage was available to her; if a host driver has insurance identical to that of a guest passenger, this establishes that the host driver's insurance is available to the guest passenger.

*Romain, Donofrio & Kuck, P.C.* (by *Michael P. Daniels*), for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Eugene R. Hom*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of counsel, for defendant.

Before: V. J. Brennan, P.J., and Cynar and J. W. Fitzgerald,* JJ.

Per Curiam. Petitioner sought arbitration of his insurance claim. An arbitration panel denied the claim. He then filed a petition to vacate the arbitration award in Wayne Circuit Court. The circuit court reversed the arbitrators and entered a judgment in favor of the petitioner. Respondent now appeals from the circuit court's decision as of right.

Petitioner was injured in an accident when the automobile in which he was riding collided with an automobile driven by an uninsured motorist.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

Leonard Miela, petitioner's father, was the driver of the automobile in which petitioner was riding. As a result of the accident, petitioner, his mother, Irene Miela, and his sister, Carol Miela, were injured, and petitioner's wife and his father were killed.

Respondent insured Leonard Miela under a policy containing uninsured motorist coverage with limits of $20,000 per person and $40,000 per occurrence. The entire policy limit of this coverage was paid by respondent as follows: $20,000 to Irene Miela, as personal representative of Leonard Miela's estate; $13,000 to Irene Miela individually and as a parent of Carol Miela; and $7,000 to Brian Miela individually and as personal representative of his wife's estate.

Petitioner then sought benefits under the uninsured motorist coverage issued by respondent to his wife, Katharine Miela. Respondent refused to pay benefits on the grounds that the accident was excluded from coverage under the policy by a provision in the contract. The contract stated:

> The insurance afforded by this coverage does not apply:
> (1) To bodily injury sustained while occupying any automobile, other than an owned automobile, *except a non-owned automobile to which there is applicable and available to such insured no insurance similar to that afforded by this coverage.* [Emphasis added.]

A "non-owned automobile" is defined in the policy as:

> Any automobile or trailer, other than a temporary substitute automobile, not owned by, furnished or available for the frequent or regular use of the name insured, relative or other resident of the same household of such named insured . . . .

In its bench opinion the trial court reversed the arbitrators' ruling, concluding that the arbitrators made a substantial error of law in construing the policy provisions and that the award would have been substantially different if the mistake had not been made. We disagree. The arbitrators did not make an error of law. We reverse the trial court.

An arbitration award may be set aside where it appears on the face of the award, or for reasons stated in the decision, that the arbitrators, through an error of law, have been led to a wrong conclusion and that, but for such error, a substantially different award would have been made. *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982). We do not believe that such a mistake was made by the arbitrators.

In this case the exclusions provided in the policy denied coverage to the petitioner's wife if she was involved in an accident where other insurance coverage was available to her. Other insurance coverage was available to petitioner's wife. She was eligible to recover under Leonard Miela's policy. The Michigan Supreme Court has held that, if a host driver, i.e., Leonard Miela, has insurance indentical to that of a guest passenger, this establishes that the host driver's insurance is available to the guest passenger. *Rowland v DAIIE,* 388 Mich 476, 481; 201 NW2d 792 (1972). The plain meaning of the other insurance clause in petitioner's wife's policy precludes coverage under Katharine Miela's policy.[1]

The trial court erred in setting aside the arbitra-

---

[1] Our resolution of this matter makes it unnecessary to decide whether coverage was excluded under the "owned vehicle exclusion" of the policy. Respondent argues that the exclusion precludes coverage when an insured is injured while in a vehicle which is not

tors' award. We reverse the trial court and reinstate the arbitrators' award.

Reversed.

---

specifically covered by the uninsured motorist endorsement specifically applied. See, *Bradley v Mid-Century Ins Co,* 409 Mich 1, 46-49; 294 NW2d 141 (1980); *Zamani v Auto Club Ins Ass'n,* 124 Mich App 29; 333 NW2d 373 (1983). Even if the arbitrators made an error in resolving this problem posed by this exclusion, we would still affirm. Our discussion above shows that if a mistake was made by the arbitrators, a different award would not have been made. Coverage was precluded by the "other insurance coverage" exclusion of the policy.