OTTAWA COUNTY CONTROLLER v OTTAWA PROBATE JUDGE

Docket No. 80512. Submitted December 3, 1985, at Grand Rapids. Decided October 14, 1986. Leave to appeal denied, 428 Mich —.

In 1983, the Ottawa Probate Court issued an administrative order directing the Ottawa County Controller to pay to eight nonunion supervisory employees of the probate court salaries in the amount the probate court had determined to be appropriate. The Ottawa County Controller and the Ottawa County Board of Commissioners filed suit in Ottawa Circuit Court, seeking a declaration that plaintiff board had exclusive authority to set the level of compensation for those eight court employees and a permanent injunction enjoining the enforcement of defendant's administrative order. Defendant filed a counterclaim, seeking a determination that plaintiff board was required to annually award a lump sum total budget for probate court operation. The circuit court, Stuart Hoffius, J., entered a declaratory judgment that plaintiff board had the statutory right to set the salaries of six of the eight employees, that the salaries ordered by defendant for the other two employees were not reasonable and necessary for the continued operation of the probate court, that plaintiff board had the right to make binding line item appropriations and that the practice of segregating the probate court's appropriations into four separate budgets was reasonable. Defendant appealed.

The Court of Appeals *held:*

1. Since the order by defendant relative to the increased salaries attempted to compel plaintiff board to increase the total appropriations for the probate court, defendant had the burden of proving that the appropriation that was sought was necessary to the performance of the court's statutorily mandated functions. The defendant failed to carry that burden of

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 275 *et seq.;* 581.

Am Jur 2d, Public Officers and Employees §§ 436 *et seq.;* 448 *et seq.;* 483, 486.

Inherent power of court to compel appropriation or expenditure of funds for judicial purposes. 59 ALR3d 569.

proof and is thus not entitled to an order compelling defendant board to appropriate additional funds to cover salary increases to the subject employees.

2. Despite statutory language which might be construed as empowering a county board of commissioners to set the salaries of certain probate court employees, it is the probate judge who has the authority to set salaries of probate court employees so long as the court's total budget remains within the total budget appropriation set by the county board.

3. The Uniform Budgeting and Accounting Act does not apply to probate court appropriations; accordingly, the county board may not make the probate court's appropriation subject to segregated budgets or detailed line item appropriations but must rather make a lump sum appropriation.

Affirmed in part and reversed in part.

R. M. MAHER, J., concurred in the result but disagreed with the holding that the probate judge has the inherent power to set the salaries of the court employees. He would hold that judicial autonomy does not require the abrogation of the current statutory scheme for setting compensation of probate court employees.

OPINION OF THE COURT

1. COURTS — PROBATE COURTS — APPROPRIATIONS — ACTIONS — BURDEN OF PROOF.

A probate court which brings an action seeking funds for the operation of the court beyond those appropriated by the county has the burden of proving that the appropriation that it seeks is necessary to the performance of its statutorily mandated function.

2. COURTS — PROBATE COURTS — APPROPRIATIONS — COURT EMPLOYEES — SALARIES.

A probate judge has the authority to set the individual salaries of probate court employees so long as the judge remains within the court's total budget appropriation by the county.

3. COURTS — PROBATE COURTS — APPROPRIATIONS — UNIFORM BUDGETING AND ACCOUNTING ACT.

The Uniform Budgeting and Accounting Act does not apply to probate court appropriations (MCL 141.421 et seq.; MSA 5.3228[21] et seq.).

4. COURTS — PROBATE COURTS — APPROPRIATIONS.

A county appropriation for the operation of the probate court must be in a lump sum amount; the probate court's appropria-

tion is not subject to segregated budgets or detailed line item appropriations.

CONCURRENCE BY R. M. MAHER, J.

5. COURTS — APPROPRIATIONS — INHERENT POWERS.

A court should exercise its inherent power to require adequate appropriations with caution and only when the exercise of that power is required by necessity to preserve the court's ability to discharge its constitutional function or its ability to continue the overall operation of the court.

6. COURTS — PROBATE COURTS — APPROPRIATIONS — JUDICIAL AUTONOMY.

Judicial autonomy does not require the abrogation of the current statutory scheme for setting compensation of probate court employees..

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Jack R. Clary* and *Douglas W. VanEssen*), for plaintiffs.

*Cunningham, Mulder & Breese, P.C.* (by *Gordon H. Cunningham* and *Ronald J. Vander Veen*), for defendant.

Before: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. On May 25, 1983, defendant Ottawa Probate Judge, issued Administrative Order No. 1983-1, directing plaintiff Ottawa County Controller to pay salaries to eight nonunion, probate court supervisory personnel in the amount defendant had determined appropriate. On June 27, 1983, plaintiffs filed this suit in circuit court, seeking a determination that plaintiff Ottawa County Board of Commissioners had the exclusive authority under Michigan statutes to set the compensation level for the eight probate court employees. Plaintiffs also sought a permanent injunction

* Circuit judge, sitting on the Court of Appeals by assignment.

against the enforcement of defendant's administrative order for salary amounts exceeding those authorized by plaintiff board. Defendant voluntarily stayed enforcement of his order during this litigation, but counter-claimed that plaintiff board was required to award annually a lump sum total budget for probate court operations. Defendant claimed that only he was authorized to determine the reasonable detailed expenditures required for the operation of the court. After a hearing, a visiting circuit court judge filed a written opinion and entered a declaratory judgment which held that plaintiff board of commissioners had a statutory right to set the salaries of six of the eight probate court employees, that the additional salary amounts ordered by the probate judge for the other two employees were not reasonable and necessary to meet the needs of the probate court, that plaintiff board of commissioners had the right to make detailed, binding line item appropriations for probate court expenditures, and that plaintiffs' present practice of segregating the probate court's appropriations into four separate budgets was reasonable. Defendant appeals all of the holdings in the declaratory judgment as of right.

The dispute in this case involves the 1983 salaries of eight nonunion, supervisory probate court employees. Defendant wanted to increase the salaries of these eight employees at a rate equal to the increase he had agreed to give his twenty-two unionized, nonsupervisory employees pursuant to a collective bargaining agreement. Plaintiffs do not challenge defendant's authority to enter into a collective bargaining agreement with the twenty-two unionized employees. The collective bargaining agreement called for an increase of four percent over the unionized employees' 1982 salary level.

However, plaintiff board of commissioners wanted to give the eight probate court employees a salary increase equal to that given other supervisory personnel employed by the county, who had received an increase of 3.4 percent over their 1982 salaries. Therefore, this dispute over whether plaintiffs or defendant could set the salaries of the eight employees involves a difference of 0.6 percent, or approximately $3,200 in total. Although the amounts in this case are relatively small, the issue of whether plaintiff board of commissioners "legislature" is infringing on the inherent powers of defendant "judiciary" by setting the salaries of court employees has very important ramifications.

Initially, defendant asserts that plaintiffs lack standing to maintain this action since the additional salaries provided by his administrative order did not cause total probate court expenditures to exceed the total probate court appropriation authorized by plaintiff for 1983. Defendant largely bases his argument on a statement made by the Michigan Supreme Court in *Livingston Co v Livingston Circuit Judge,*[1] decided in 1975. In that case, the Livingston County Board of Commissioners challenged the local judiciary's authority to enter into a collective bargaining agreement with unionized court employees. The Supreme Court upheld the local judiciary's authority to conduct collective bargaining negotiations with court employees and noted that there were two checks on the necessity and reasonableness of the salary expenditures agreed to by the judiciary:

> We already have provided for an administrative check on reasonableness through Administrative Order 1971-6. In addition, once the Court Administrator has approved a contract the Board of Commissioners may institute adversary court proceed-

[1] 393 Mich 265; 225 NW2d 352 (1975).

ings to test the reasonableness and necessity of the contract *if it appears that the budget reflecting the contract will exceed the total appropriation.* The commissioners may file suit promptly for injunctive relief in circuit court in their own county. Since the purpose of such suit would be to enjoin an administrative order of a judge of that very county, the commissioners may seek designation by the Court Administrator of a disinterested judge to decide the case on its merits. [Emphasis added.][2]

In addressing this issue, we first note that the Supreme Court, in Administrative Order No. 1981-8, rescinded Administrative Order No. 1971-6, which required the local judiciary to submit all expenditure proposals to the Supreme Court Administrator for approval. Thus, the continuing validity of the requirement asserted by defendant that actual budgeted expenditures exceed the total appropriation before allowing county commissioners to challenge the necessity and reasonableness of expenditures in court is questionable. But, we do not need to decide this issue in this case, since the record reveals that at the time plaintiffs filed suit it appeared defendant's salary order would cause expenditures to exceed the total appropriation in the probate court budget. Therefore, we decline to find that plaintiffs lacked standing to bring this action challenging the necessity and reasonableness of the expenditures ordered by defendant.

Furthermore, since the probate judge's administrative order attempted to compel the county board to appropriate additional funds to the probate court, the administrative order is invalid in light of the recent decision of the Michigan Supreme Court in *Employees & Judge of the Second*

2 393 Mich 273-274.

*Judicial District Court v Hillsdale Co.*[3] In *Hillsdale Co,* the Supreme Court held that a court's use of administrative orders to compel payment of requested funding beyond the county appropriation amount is inappropriate. The Court specifically described the appropriate procedure for a court seeking funds beyond the county board's appropriation as follows:

> [W]here the parties are unable to agree, the court may institute suit and shall bear the burden of proving that the appropriation it seeks is necessary to the performance of its statutorily mandated function.[4]

The Supreme Court then applied the standard to the factual situation presented in *Hillsdale Co.* The Court noted that the district court was functioning at a level "satisfactory to all" without the four percent salary increase ordered by the district court judge. Thus, the Supreme Court held that the district court judge had not sustained his burden of proving that an amount in excess of the county appropriation was necessary to fulfill a judicial function mandated by the Legislature and, consequently, could not compel the county board to pay the salary increase.

The factual situation surrounding the probate judge's administrative order in the within case is directly analogous to the *Hillsdale Co* situation. The probate judge failed to present evidence indicating that the 0.6 percent salary increase he ordered was necessary to fulfill a judicial function as mandated by the Legislature. Therefore, applying the rule of *Hillsdale Co,* we hold that the probate judge in this case cannot compel the

---

[3] 423 Mich 705; 378 NW2d 744 (1985).

[4] 423 Mich 722.

county board to appropriate additional funds to cover the salary increase.

However, as noted above, plaintiffs herein argue beyond the holding in *Hillsdale Co.* Plaintiffs assert that plaintiff board has the right, in the first instance, to set the individual salaries of the eight probate court employees who are necessary to the proper functioning of the probate court. In *Hillsdale Co,* the Supreme Court was not required to address this issue, since the district and circuit courts have express statutory authority to fix the salaries of their employees in the first instance, as long as the courts remain within their total appropriation.[5] However, the probate court does not have similar express statutory authority to fix the compensation of its employees.

In addressing this issue, we acknowledge an apparent conflict between the decisions of the Michigan Supreme Court concerning the inherent powers of the judiciary on the one hand and the Michigan statutes on the other. Plaintiffs claim that plaintiff board has specific statutory authority to set the salaries of six of the eight employees in question. MCL 400.251; MSA 16.101 states that the director and assistant director of court services and the program supervisor shall not receive any salary beyond the base amount provided in the statute "except as provided by the county board of commissioners." MCL 600.833; MSA 27A.833 states that the county board of commissioners is to fix a reasonable salary for the probate register. MCL 712A.7; MSA 27.3178(598.7) states that the juvenile register shall receive the base salary provided in the statute plus such sum as the county board shall fix. MCL 712A.16(3); MSA 27.3178(598.16)(3) states that the juvenile home

[5] MCL 600.8271; MSA 27A.8271 and MCL 600.591(1); MSA 27A.591(1).

superintendent shall receive such compensation as provided by the county board. All of these statutes also specifically provide that the probate judge selects and appoints these employees.

In *Livingston Co, supra,* the Supreme Court did not address the implication of these statutes on their holding that the local judiciary had the authority to negotiate a collective bargaining agreement. In his dissent in that case, Justice LEVIN makes it clear that some of the employees involved in the collective bargaining agreement were probate court employees covered by the statutes discussed above. However, the majority, applying the doctrine of separation of powers set forth in *Wayne Circuit Judges v Wayne Co (On Rehearing)*,[6] held that the judiciary was the public employer for purposes of collective bargaining.

In *Wayne Circuit Judges,* the Court recognized the developing strength of the principle of inherent power and duty of the judiciary and quoted *Commonwealth ex rel Carroll v Tate,*[7] with approval:

> "Expressed in other words, the Judiciary *must possess* the inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities, and its powers and duties to administer Justice, if it is to be in reality a co-equal, independent Branch of our Government. This principle has long been recognized, not only in this Commonwealth but also throughout our Nation." [Emphasis in original.][8]

In *Judges of the 74th Judicial District v Bay Co,*[9]

[6] 386 Mich 1; 190 NW2d 228 (1971).

[7] 442 PA 45, 52; 274 A2d 193 (1971).

[8] *Wayne Circuit Judges (On Rehearing), supra,* p 9.

[9] 385 Mich 710; 190 NW2d 219 (1971).

the doctrine of inherent judicial power was used by the Michigan Supreme Court to find that district courts have the power to set salaries, not the county board. Although, as noted above, a statute specifically authorized the district court to set the salaries of its employees,[10] the Court expressly noted that this statutorily authorized result was independently supported by the doctrine of inher-ent judicial power. In *Livingston Co, supra,* the Supreme Court extended the holding in *Bay Co* to circuit and probate court employees in the absence of a specific statute authorizing these courts to set the salaries for their employees (in fact, as noted above, there appeared to be conflicting statutory authority in the county board to set these salaries).

It is true, as plaintiffs point out on appeal, that the circuit courts are not specifically authorized by statute to set the salaries of their employees.[11] However, this statute was enacted after the decision in *Livingston Co.* Furthermore, probate court employee salaries were involved in the *Livingston Co* case. Thus, in *Livingston Co,* the Supreme Court relied solely on the inherent powers of the judiciary in holding that the local judiciary was the employer of court personnel for purposes of salary negotiations.

Based on the above discussion, we conclude that the *Livingston Co* decision dictates the result on this issue. The doctrine of the inherent powers of the judiciary applies to the area of a probate court setting reasonable salaries for its necessary employees in the first instance, as long as it remains within its total budget appropriation. The statutes relied on by plaintiffs, construed in a way consistent with the constitutional doctrine of separation

---

[10] MCL 600.8271(1); MSA 27A.8271(1).

[11] MCL 600.591(1); MSA 27A.591(1).

of powers,[12] only authorize the county board to make a lump sum, general appropriation for payment of probate court salaries and for effective operation of the probate court. These statutes do not authorize plaintiff board in this case to fix individual salaries for necessary probate court employees in the first instance. Consequently, we hold that defendant has the authority to set the salaries of probate court employees, so long as he remains within the probate court's total budget appropriation from the county board.

Defendant also claims that plaintiffs lacked authority to segregate the probate court budget into four separate budgets and to make detailed line item appropriations within those budgets. Based on the constitutional doctrine of separation of powers and inherent judicial powers, discussed above, we agree with defendant that plaintiffs lack such authority on this issue.

In *Bay Co, supra,* the Supreme Court held that, based on specific statutes and the inherent powers of the judiciary, the county board could not pass line item budgets for the district court:

> 1968 PA 154, the district court act, defines "district control unit" as that unit of government responsible for maintaining, financing, and operating the district court. Appropriations by the district control unit must be made for this statutory purpose, and not for limited or specified line-items, except where the law provides otherwise, as, for example, facilities, MCL 600.8261, 600.8262, 600.8263; MSA 27A.8261, 27A.8262, 27A.8263; library, MCL 600.8104; MSA 27A.8104; supplementation of judges' salary, MCL 600.8202; MSA 27A.8202; operation of a probation department, MCL 600.8314; MSA 27A.8314; compensation of

---

[12] Const 1963, art 3, § 2.

jurors, MCL 600.8351; MSA 27A.8351, and the like.[13]

Despite the lack of specific statutes concerning appropriations for the probate court, the doctrine of inherent judicial power requires that the county board appropriate a lump sum amount for probate court operations unless the law provides otherwise.

Plaintiffs argue that the Uniform Budgeting and Accounting Act, MCL 141.421 *et seq.;* MSA 5.3228(21) *et seq.,* provides them with authority to make detailed line item appropriations to the probate court. Defendant does not challenge plaintiffs' separation of the child care program budget for purposes of administrative convenience, since the state reimburses the county for a portion of the expenditures for this program. But defendant goes on to argue that the Uniform Budgeting and Accounting Act does not apply to probate court expenditures and that, therefore, plaintiffs are not specifically authorized to separate the remaining probate court appropriation into three separate budgets with detailed line item appropriations.

Justice RILEY, in her dissenting opinion in *Hillsdale Co, supra,* unlike the majority, reached the issue of the inherent powers of the judiciary.[14] Justice RILEY reviewed whether a court is a "local unit" within the meaning of the Uniform Budgeting and Accounting Act and, thus, subject to line item appropriations by the Legislature. She found that the definition of local unit in MCL 141.422d(2); MSA 5.3228(22d)(2) does not in any way include a reference to the judiciary, concluding that:

---

[13] 385 Mich 726-727.

[14] The majority said that while they were "foursquare" in support of the constitutional doctrine of inherent power, the *Hillsdale Co* case was not the vehicle to spell out a standard against which to measure when "judicial functions" are in jeopardy. *Hillsdale Co, supra.*

Therefore, because the district and circuit courts do not come within the parameters of the Uniform Budgeting and Accounting Act, the county board or control unit cannot interfere with a court's inherent and statutory authority by the use of line-item appropriations.[15]

In light of the separation of power doctrine, we agree with Justice Riley's conclusion and find that the Uniform Budgeting and Accounting Act does not apply to probate court appropriations. If the statute did apply to the probate court, MCL 141.438; MSA 5.3228(38) would prohibit the probate judge from spending amounts in excess of the specific line item appropriations made by the local legislative body. In that case, the county board of commissioners, as a legislative body, could substantially control and frustrate the functioning of the probate court by tying the appropriation to detailed, specific expenditures.

We refuse to interpret the statute as allowing the possibility of such a legislative invasion into the functioning of the judiciary. We do not believe any such result was intended by the Legislature. The probate court is not a local unit and cannot be subject to segregated budgets or detailed line item appropriations under the uniform chart of accounts issued by the state treasurer pursuant to MCL 141.421(1); MSA 5.3228(21)(1). Plaintiff board must appropriate defendant a lump sum amount. The probate judge must then determine the detailed expenditures needed for proper operation of the court within that appropriation amount.

In summary, we hold that, since defendant's administrative order attempted to compel plaintiff

---

[15] *Hillsdale Co, supra,* p 742 (Riley, J., dissenting and joined by Justices Williams and Ryan). As a matter of fact, the four majority justices do not necessarily disagree with the proposition.

county board of commissioners to appropriate additional funds to the probate court over and above that budgeted, it was invalid. However, under the constitutional doctrine of separation of powers which gives rise to inherent powers of the judicial branch of government, we find that defendant has the right to set the salaries of the eight supervisory court employees in the first instance as long as he remains within the court's lump-sum budget appropriation. In addition, we conclude that plaintiffs cannot segregate the probate court appropriation into three detailed budgets and designate detailed line item expenditures within those budgets.

Affirmed in part and reversed in part.

R. M. MAHER, J. *(concurring).* I concur with the result reached by the majority, except with the holding that a probate judge has the inherent right to set the salaries of the court employees in the first instance. I believe that the use of inherent power of a court should be exercised with caution and only when implicated by necessity to preserve the court's ability to discharge its constitutional function, a statutory function, or ability to continue the overall operation of the court.

Judicial autonomy does not require the abrogation of the current statutory scheme for setting compensation of probate court employees. I believe each funding dispute which invokes the use of inherent power analysis must be decided on a case-by-case basis, while recognizing and respecting the inherent power and authority of each co-equal branch of our tripartite form of government.

For an example of what I deem to be an appropriate method of resolving this type of dispute, see *17th District Probate Court v Gladwin Co Bd of Comm'rs,* 155 Mich App 433; 401 NW2d 50 (1986).