BRANCH COUNTY BOARD OF COMMISSIONERS v SERVICE
EMPLOYEES INTERNATIONAL UNION, LOCAL 586

Docket No. 93905. Submitted June 26, 1987, at Grand Rapids. Decided
   May 2, 1988.

   On December 13, 1982, plaintiff Branch County Board of Commis-
   sioners adopted the Branch County budget for 1983, appropriat-
   ing monies for the operation of the Third Judicial District
   Court, including certain wage increases for both unionized and
   nonunionized court personnel. On December 20, 1982, District
   Court Judge David T. Coyle issued an administrative order
   requiring the Branch County treasurer and clerk to implement
   a salary step increase for two nonunionized employees. On
   January 5, 1983, Judge Coyle, on behalf of the district court,
   entered into a collective bargaining agreement with defendant
   Service Employees International Union, Local 586, to be in
   effect from January 1, 1983, through December 31, 1985. The
   agreement with the union provided for certain salary increases.
   The board refused to appropriate funds to permit implementa-
   tion of the agreement because it believed that the salary
   increases were neither reasonable nor necessary and also that
   the proposed increases would cause the district court's overall
   appropriation to be exceeded and thus cause a year-end deficit.
   On January 14, 1983, the board and the Branch County clerk
   and treasurer filed suit in the Branch Circuit Court against the
   union, the district court and Judge Coyle, alleging that the
   increases were unnecessary and unreasonable, and seeking
   injunctive relief from any attempt at enforcement of the collec-
   tive bargaining agreement. The suit was filed by agreement of
   the parties, and the district judge withheld the issuance of an
   administrative order directing implementation of the wage
   increases. The facts indicate that, at the end of 1983, the
   district court returned $20,600 in unexpended funds to the
   board. The circuit court, Richard Robinson, J., issued an opin-

REFERENCES

Am Jur 2d, Appeal and Error §§ 172 et seq.
Am Jur 2d, Labor and Labor Relations §§ 1787 et seq.
Bargainable or negotiable issues in state public employment labor
   relations. 84 ALR3d 242.

ion finding in favor of the board and granted a permanent injunction to the board banning enforcement by the district court, District Judge Coyle, or the union of the collective bargaining agreement or the December 20, 1982, administrative order entered by Judge Coyle. The union appealed therefrom.

The Court of Appeals *held:*

1. As a party to the judgment granting a permanent injunction banning enforcement of the collective bargaining agreement or the December 20, 1982, administrative order of Judge Coyle, the union had standing to appeal therefrom.

2. The statutory term "within appropriations" contained in MCL 600.8271; MSA 27A.8271 refers to overall appropriations. As a consequence, a district court is authorized to fix the compensation of court employees at the level it pleases, so long as those levels do not exceed the board's overall appropriation to the court.

3. It is the appearance of a deficit in the overall appropriation which entitles the appropriating unit to challenge the propriety of proposed expenditures which are expected to cause a deficit. Although the proposed increases here may or may not have been reasonable, they were not necessary. There was not an adequate showing of necessity to justify the wage increases. The district court lacked authority to increase the wages based on the collective bargaining agreement.

4. The district court's administrative order compelling payment of funds to the two nonunionized employees is invalid. Payment of such funds, which appeared to have caused the court's overall appropriation to be exceeded, may not be compelled by way of an administrative order, but, rather, must be sought by way of a lawsuit in which the court has the burden of proving that such payment is necessary to the performance of its statutory functions.

Affirmed.

1. APPEAL — PARTIES.

A party to a judgment has standing to appeal from the judgment (MCR 7.101[C][1]).

2. COURTS — DISTRICT COURTS — EMPLOYEES' COMPENSATION — WORDS AND PHRASES — WITHIN APPROPRIATIONS.

The language "within appropriations" contained in the statute regarding the compensation of district court employees refers to overall appropriations; a district court is, therefore, authorized to fix the compensation of court employees at the levels it pleases, so long as those levels do not exceed the district court's

governing body's overall appropriation to the court (MCL 600.8271; MSA 27A.8271).

3. Courts — District Courts — Employees' Compensation — Deficits.

It is the appearance of a deficit in a court's overall appropriation which entitles the appropriating unit to challenge the propriety of proposed expenditures which are expected to cause a deficit; in a lawsuit seeking to prevent such expenditures a district court has the burden of proving by clear and convincing evidence that proposed expenditures for the court which are expected to cause a deficit are reasonable and necessary to the performance of its statutorily mandated function.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Robert W. White* and *Douglas W. VanEssen*), for plaintiffs.

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *David M. Wells*), for Service Employees International Union, Local 586.

Before: WAHLS, P.J., and R. M. MAHER and T. K. BOYLE,* JJ.

PER CURIAM. Defendant Service Employees International Union, Local 586 appeals as of right from a judgment of Branch Circuit Court Judge Richard Robinson which permanently enjoins the implementation of a December 20, 1982, administrative order of Third Judicial District Court Judge David T. Coyle and a 1983-85 collective bargaining agreement between the first division of the Third Judicial District Court and the union. We affirm.

This case arose in 1982 when the district court began negotiating with the union regarding wage increases for unionized employees. On December 13, 1982, plaintiff Branch County Board of Com-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

missioners adopted the Branch County budget for
1983. This budget appropriated monies for the
operation of the district court. The sum appropri-
ated for district court salary expenditures was
equivalent to wage appropriations for 1982 plus a
three percent increase for nonunionized court per-
sonnel, as well as a three percent increase for
unionized personnel based on the board's anticipa-
tion of a provision for such an increase in the
labor contract which at that time was being nego-
tiated.

On December 20, 1982, District Court Judge
David T. Coyle issued an administrative order
requiring the Branch County treasurer and clerk
to implement a salary step increase of $1,316 and
$730 for two nonunionized employees.

On January 5, 1983, Judge Coyle, on behalf of
the district court, entered into a collective bargain-
ing agreement with the union, to be in effect from
January 1, 1983, through December 31, 1985. The
contract provided for general salary increases of
three percent in 1983, six percent in 1984 and
1985, and an additional five percent step increase
for an employee's fourth year which would result
in almost all unionized employees receiving an
eight percent salary increase in 1983. Because the
board believed that the increases were neither
reasonable nor necessary, it refused to appropriate
funds to permit implementation of the plan. The
board also believed that the proposed wage in-
creases would cause the district court's overall
appropriation to be exceeded and thus cause a
year-end deficit. On January 14, 1983, the board,
the county clerk and the county treasurer filed
suit against the union, the district court and Dis-
trict Judge Coyle, alleging that the increases were
unnecessary and unreasonable, and seeking in-
junctive relief from any attempt at enforcement of

the collective bargaining agreement. Apparently, this suit was filed by agreement of the parties, and the district judge withheld the issuance of an administrative order directing implementation of the wage increases. Judge Coyle defended the wage increases by asserting that they were necessary to ensure the competent and efficient operation of the district court, especially in light of the board's contract with the county's probate court employees authorizing an eight percent increase for all employees in both 1981 and 1983, plus an additional five percent step increase for an employee's fourth year and job reclassification to enable employees to obtain this extra step increase, thereby resulting in a thirteen percent wage increase per year and an overall wage increase of thirty-nine percent over three years. In September, 1983, the district court's motion for summary judgment was denied. At the end of 1983, the district court returned $20,600 in unexpended funds to the board.

At trial, Jerry R. Hubbard, a member of the board, testified that at the time the collective bargaining agreement was reached, it appeared that implementation of the proposed wage increases "would definitely exceed" the district court's overall appropriation. He acknowledged, however, that the $20,600 ultimately returned to the county by the district court from savings in other operating expenses during 1983—an amount he characterized as being "overbudgeted"—could have covered payment of the wage increases. The board's position was that it was not obligated to enforce the terms of the collective bargaining agreement by authorizing payment of the increased wages because the increases caused the district court's line-item appropriation for salaries to be exceeded.

Plaintiffs asked O. William Rye, a former personnel director of the State Court Administrative Office and an expert on wage and classification matters, to analyze the terms of the union's collective bargaining agreement for reasonableness and feasibility. Rye found that the fourth-year step increase was not reasonable and necessary. He concluded that the six percent increases for 1984 and 1985 required by the collective bargaining agreement were neither reasonable nor necessary in light of the 4.5 percent and 5.5 percent increases provided by the county for those years, respectively, for general county employees. Rye's findings were based upon a comparison of the wage and salary benefits paid by the district court and those paid by district courts in other counties, as well as upon a comparison of the district court benefits paid for various positions with those paid for comparable positions within Branch County's other courts.

Thurman A. Lindsey of the SCAO testified that in December, 1984, District Judge Coyle requested that the SCAO conduct a classification study for the district court. According to Lindsey, Judge Coyle requested that the SCAO examine the comparability of the wages and benefits paid to his court's personnel with those paid by other trial courts serving Branch County and by courts of other comparable counties. Lindsey failed to reach any conclusions regarding the reasonableness and necessity of the challenged collective bargaining provisions. Instead, he produced a "classification listing" of personnel within the trial court system serving Branch County and concluded that the district court employees fared well, with some exceptions, in comparison with the other employees. Lindsey also concluded that the wages paid by the board

for district court personnel were comparable to the wages paid in similar counties.

On December 16, 1985, Branch Circuit Judge Richard E. Robinson issued an opinion finding in favor of the board, and on April 19, 1986, he granted a permanent injunction to the board banning enforcement by the district court, District Judge Coyle, or the union of the collective bargaining agreement or the December 20, 1982, administrative order entered by Judge Coyle.

On appeal, we first address the board's assertion that the union lacks standing to appeal in this matter because the union's codefendant, the Third Judicial District Court, did not appeal from the circuit court's ruling. In its brief, however, the board fails to cite any authority to support its allegation of error. Normally, we decline to review issues given cursory treatment by a party on the basis that a litigant may not simply assert an error and then leave it to this Court to discover and explain the basis for that claim. *Williams v Cadillac,* 148 Mich App 786, 792; 384 NW2d 792 (1985). In addition, the case cited by the board at oral arguments, *Winters v National Indemnity Co,* 120 Mich App 156; 327 NW2d 423 (1982), is distinguishable. In *Winters,* this Court, repeating the well-recognized rule that "one party cannot claim another party's appellate opportunities," stated that a defendant insurer had no standing to appeal the grant of summary judgment in favor of a codefendant insurer where defendant filed no cross-claims against the codefendant and plaintiff accepted the trial court's ruling. *Id.,* p 159. In this case, however, judgment was rendered against the codefendant district court and, most importantly, that judgment, issued on April 18, 1986, was directed against not only the Third Judicial District Court and District Judge David T. Coyle but also

against the union itself. Thus, as a party to the judgment, the union had standing to appeal and it properly exercised that right by filing an appeal pursuant to MCR 7.101(C)(1).

The union first argues on appeal that the board lacked standing to challenge the reasonableness and necessity of the proposed wage increases which were ordered by the district court or which the union and the district court agreed upon as a result of collective bargaining negotiations because those proposed wages did not cause the district court to exceed its total appropriation from the board for the 1983 budget year. MCL 600.8271; MSA 27A.8271 provides, in pertinent part:

> Except as otherwise provided, the judges of the district court shall appoint the employees thereof and fix their compensation within appropriations provided by the governing body of each district control unit.

At issue in this case is whether the "within appropriations" language of the statute should be interpreted to refer to the district court's overall appropriations budget or only to the court's line-item wage appropriation. The union asserts that the term refers to the district court's overall appropriations budget. Thus, it is argued, the board lacks standing to challenge the proposed wage increases, which the district court either ordered by administrative order or agreed upon with the union in a collective bargaining agreement, because the increases ultimately did not exceed the district court's overall appropriations budget. As noted above, at the end of 1983, the district court actually returned $20,600 to the county in funds unspent from areas other than wages. On the other hand, the board interprets the term within appro-

priations to refer only to the court's line-item wage appropriation. Thus, it argues that it has standing to challenge the proposed wage increases because the mere appearance at the beginning of a budget year that wage expenditures will exceed the specific wage appropriation suffices to grant standing to challenge the court's expenditures. The circuit court apparently adopted the board's interpretation of the term "within appropriations."

To the extent that the circuit court accepted the board's argument on this issue, error occurred. The Supreme Court has stated:

> The county contends that by making line item appropriations for each of the employees of the court it can establish the maximum compensation for each position, thus relegating the judges' authority to "fix compensation" to encompass only the fixing of compensation at something less than the appropriated salary.
>
> In its brief the county states its proposition in these terms:
>
> "Clearly the Legislature contemplated a system whereby the Boards of Commissioners would be establishing maximum salaries for individual employees, with the right of the District Judges to fix the compensation of individual employees within the maximum amount appropriated for the position."
>
> The argument has a hollow ring. The county undertook to establish the compensation of the court's employees as part of its collective bargaining agreement with the Union. If the collective bargaining agreement determines the minimum and the appropriation determines the maximum, what remains of the judges' statutory power to "fix compensation"?
>
> If, however, the statute means what it says, i.e., that the judges are to fix the compensation of their employees, then it follows that the language

"within appropriations" simply means that the judges' statutory power to employ personnel and fix their compensation must be exercised *within the overall limits of funds appropriated* by the district control unit or units, for the operation and maintenance of the district court. [Emphasis added. *Judges of the 74th Judicial District v Bay Co,* 385 Mich 710, 725-726; 190 NW2d 219 (1971).]

In light of this language, it seems clear to us that the statutory term within appropriations refers to overall appropriations, and that, as a consequence, a district court is authorized to fix the compensation of court employees at the levels it pleases, so long as those levels do not exceed the board's overall appropriation to the court. However, while we accept the union's interpretation of the term within appropriations, we must reject its conclusion in this case that because the court's 1983 budget could have in fact covered the proposed wage increases (since an overbudgeted amount of $20,600 was ultimately returned to the county at the end of the 1983 budget year) the board lacks standing to challenge the reasonableness and necessity of the wage increases.

At trial, Jerry Hubbard, a board member, testified that at the time the bargaining-agreement wage increases were proposed and the wage increases for the two nonunionized employees were ordered by way of administrative order, it appeared that implementation of such increases would have caused the district court to exceed its overall budgetary appropriation for 1983. As it turned out, as noted by the circuit court in its opinion, "1983 ran its course and the District Court ended the year with [approximately] $20,000.00 of its total appropriation unspent—this from areas other than salaries and benefits." The union argues that the mere appearance of such a

deficit at the beginning of a budget year, especially in a case in which that appearance is ultimately proven false by the existence of a budgetary surplus at the end of the year, deprives the appropriating board of standing to question the reasonableness and necessity of the wage increases.

It is the appearance of a deficit in the overall appropriation which entitles the appropriating unit to challenge the propriety of proposed expenditures which are expected to cause a deficit. *Livingston Co v Livingston Circuit Judge,* 393 Mich 265, 274; 225 NW2d 352 (1975); *Ottawa Co Controller v Ottawa Probate Judge,* 156 Mich App 594, 599; 401 NW2d 869 (1986). As this Court stated in *Ottawa Co,* which involved an amount of money for increased wages which was expected to, but did not in fact, cause the court's overall appropriation to be exceeded:

> [T]he record reveals that at the time plaintiffs filed suit it *appeared* defendant's salary order would cause expenditures to exceed the total appropriation in the probate court budget. Therefore, we decline to find that plaintiffs lacked standing to bring this action challenging the necessity and reasonableness of the expenditures ordered by defendant. [Emphasis added. 156 Mich App 599.]

We agree with the board that to fail to recognize the appropriating unit's standing to challenge the reasonableness and necessity of proposed budget increases in a case such as this would foster "senseless budgetary gamesmanship" and would unnecessarily place an appropriating unit in the unfortunate position of having to forego immediate injunctive relief while waiting for the budget year to end.

Thus, since the overall budget was expected to be exceeded by implementation of the wage in-

creases, we must determine whether the district court's proposed wage increases were "reasonable and necessary" for the effective functioning of the court. *Employees & Judges of the Second Judicial District Court v Hillsdale Co,* 423 Mich 705, 722; 378 NW2d 744 (1985); *Livingston Co, supra,* p 273; *Wayne Circuit Judges v Wayne Co,* 386 Mich 1, 9; 190 NW2d 228 (1971), cert den 405 US 923; 92 S Ct 961; 30 L Ed 2d 794 (1972); *Seventeenth District Probate Court v Gladwin Co Bd of Comm'rs,* 155 Mich App 433, 454-455; 401 NW2d 50 (1986); *Ottawa Co, supra,* p 600. The district court had the burden of proving by clear and convincing evidence that the wage increases were reasonable and necessary to the performance of its statutorily mandated function. *Hillsdale Co, supra,* p 722; *Gladwin Comm'rs, supra,* p 453. Our review convinces us that, although the proposed increases may or may not have been reasonable, they were not necessary.

At trial, District Judge Coyle testified that a competent, dedicated, efficient staff was needed in order to deliver quality judicial services. He acknowledged that his current staff possessed these attributes and could be described as "excellent." He also acknowledged that the turnover of staff members was "not substantial." Judge Coyle expressed concern, however, that the relative stability of his staff could change if the proposed wage increases were not implemented. On the other hand, O. William Rye, the board's expert on wage and classification matters, testified that the terms of the collective bargaining agreement were neither reasonable nor necessary. This conclusion was based on empirical data generated from Rye's detailed comparisons of the relevant wages as increased by the collective bargaining formula with wages paid in district courts of other counties

and with comparable positions within Branch County and its courts. Rye's conclusion was not disputed by the witness from the State Court Administrative Office, who merely presented a "classification listing" and did not express any opinion regarding the reasonableness or necessity of the proposed wage increases. Indeed, that witness noted that the district court employees in this case generally "fared fairly well" regarding wages when compared to employees in comparable district courts and to employees of other trial courts in Branch County.

In light of the testimony elicited at trial, we agree with the circuit court that there was not an adequate showing of necessity to justify the wage increases. That court observed that "[t]here is no evidence that the court will function less efficiently without [the proposed salary and benefit increases], that a strike will withhold services, [or] that employees may leave . . . ." Thus, the present case is distinguishable from *Gladwin Comm'rs, supra,* in which we found no abuse of discretion in a trial court's finding that necessity and reasonableness were shown where an expert witness (who, by the way, was O. William Rye) testified that the compensation structure was unfair, inequitable, and totally irrational because it paid most employees at the same rate, regardless of position or responsibility. Moreover, in that case, the probate judge who testified at trial stated that the sums requested in excess of the appropriated amount were reasonable and necessary in order to end a morale problem among employees who had protested to him on a number of occasions, both in writing and orally, regarding their wages.

Accordingly, we hold that the proposed wage increases in this case, which originally appeared

as causing the district court's budget to exceed its overall appropriations for 1983, were not shown to have been necessary for the performance of the district court's statutorily mandated functions. The district court therefore lacked the authority to increase the wages based on the collective bargaining agreement. In addition, we note that the district court's administrative order compelling payment of funds to the two nonunionized employees is invalid. Payment of such funds, which appeared to have caused the court's overall appropriation to be exceeded, may not be compelled by way of an administrative order, but, rather, must be sought by way of a lawsuit at which the court has the burden of proving that such payment is necessary to the performance of its statutory functions. *Hillsdale Co, supra,* p 722; *Ottawa Co, supra,* pp 599-600.

Affirmed.