HODGESON v BOARD OF EDUCATION OF THE BUENA VISTA
SCHOOL DISTRICT

Docket No. 106621. Submitted December 14, 1988, at Lansing. Decided February 23, 1989.

Dorothy K. Hodgeson, a tenured teacher employed by the Buena Vista School District, was laid off at the end of the 1976-77 school year. In December, 1981, Hodgeson completed all requirements for certification as a teacher of students with learning disabilities and on April 29, 1982, the school district received from Hodgeson a teaching certificate with a learning-disabilities endorsement. After several learning-disabilities teaching positions were filled by probationary teachers who had less seniority than Hodgeson and who were not certified to teach those with learning disabilities, but had only temporary approval, Hodgeson filed a petition with the State Tenure Commission, contending that she should have been recalled to fill one of the learning-disabilities positions. The tenure commission granted summary judgment in favor of Hodgeson, finding no genuine issue of material fact existed and concluding that she should have been recalled as claimed. Both Hodgeson and the Buena Vista Board of Education sought review by the Genesee Circuit Court, Donald R. Freeman, J., which affirmed the tenure commission's decision and remanded the matter to the tenure commission for further proceedings. The Buena Vista Board of Education appealed and Hodgeson cross-appealed.

The Court of Appeals *held:*

1. Petitioner Hodgeson's cross-appeal is deemed abandoned by virtue of her failure to file a brief in support of the cross-appeal.

2. Contrary to respondent Buena Vista Board of Education's claim, it was not necessary for the tenure commission to examine the relative qualifications of petitioner as compared to those teachers who actually filled the vacant positions. Under

REFERENCES

Am Jur 2d, Schools § 149 *et seq.*

Liability of school authorities for hiring or retaining incompetent or otherwise unsuitable teacher. 60 ALR4th 260.

1979 AC, R 390.1141, a school district may fill a position with a person on "temporary approval" only where a fully certified teacher is unavailable. Petitioner was fully certified as of April 19, 1982, and thus she should have been chosen for any of the open positions after that date.

3. The tenure commission's failure to address the effect of the layoff and recall provisions of the collective bargaining agreement between the school district and petitioner's union is of no significance since MCL 38.105; MSA 15.2005 gives recall rights to tenured teachers whose employment is terminated because of a necessary reduction in staff and MCL 38.172; MSA 15.2054 provides that no teacher may waive any rights and privileges under the teacher tenure act.

4. Respondent's other claims on appeal are without merit.

Affirmed.

1. SCHOOLS — TEACHERS — SPECIAL EDUCATION.

A vacancy in the position of teacher of children with learning disabilities may be filled by a person with temporary approval to teach such students only where a teacher fully certified to teach the learning disabled is unavailable (1979 AC, R 340.1783, and R 390.1141).

2. SCHOOLS — TEACHERS — TEACHER TENURE ACT — LAYOFF AND RECALL.

A tenured teacher whose employment is terminated because of a necessary reduction in staff enjoys the right to be appointed to the first vacancy in the school district for which he is certified and qualified (MCL 38.105; MSA 15.2005).

3. SCHOOLS — TEACHERS — TEACHER TENURE ACT — COLLECTIVE BARGAINING AGREEMENTS.

A tenured teacher may not waive any rights and privileges provided by the teacher tenure act in any contract or agreement made with a local board of education (MCL 38.172; MSA 15.2054).

*David Melkus,* for petitioner.

*Hakim Ben Adjoua,* for respondent.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

SHEPHERD, P.J. Respondent appeals as of right and petitioner cross-appeals from a circuit court order affirming a September 4, 1987, decision of the State Tenure Commission. Since petitioner did not file a brief in support of her cross-appeal, we deem the cross-appeal abandoned. Respondent raises issues concerning the commission's partial grant of summary judgment in favor of petitioner. We affirm.

Petitioner is a tenured teacher who began employment with the Buena Vista School District in 1973. She was continually employed by the school district until she was laid off at the end of the 1976-77 school year. At the time of her layoff, petitioner held a secondary continuing certificate to teach history and library science for grades nine to twelve and all subjects for grades seven and eight. She was also a member of the teachers' union, the Buena Vista Education Association, and was covered by a collective bargaining agreement which contained a provision (Article IX) governing layoff/recall procedures and qualification standards.

During her layoff in December, 1981, petitioner completed all state requirements for certification in the area of learning disabilities. On April 29, 1982, the school district received from petitioner a teaching certificate showing a new endorsement in the learning disabilities area. On November 5, 1983, and again on October 16, 1984, and February 4, 1985, petitioner filed petitions with the State Tenure Commission contending that she should have been recalled to certain learning disabilities teaching positions which were given to probationary teachers with less seniority than petitioner and for whom the school district had to seek temporary approvals from the Michigan Department of Education. The school district denied the

allegations of the petition and both parties subsequently filed cross-motions for accelerated or summary judgment with supporting affidavits.

The State Tenure Commission considered and disposed of the issue of liability based on the motions. The commission summarized its ruling as follows:

> In conclusion, we find that appellee [respondent school district] had no duty to consider appellant [petitioner] as a candidate for temporary approval because she never provided proof of her qualifications to appellee. However, after April 29, 1982, appellee was required to recall appellant for any learning disabilities position before applying for a permit or a renewal for temporary approval for someone else. Any failure of appellee to notify appellant of learning disabilities openings, including application for or renewal of temporary approval permits will toll the statutory appeal period.

Both parties filed petitions for a review of the commission's decision to the circuit court, which affirmed the decision and remanded the matter to the commission for further administrative proceedings. In addressing the issues raised by respondent, the circuit court found that the issues raised were not preserved for appellate review by presentment to the commission or were without merit.

On appeal, respondent contends that petitioner's motion for summary judgment was improperly granted because factual or legal issues existed. As a preliminary matter, we note that the commission limited its holding to the matters raised by the parties in their respective motions and that only the question of liability was disposed of.

The State Tenure Commission's motion practice is similar to that of the courts. *Ferrario v Esca-*

*naba Bd of Ed,* 426 Mich 353, 363; 395 NW2d 195 (1986). Hence, a motion for summary judgment may be granted where the moving party fails to state a claim upon which relief can be granted, when the controlling board fails to state a valid defense to the claims against it, or there is no genuine issue of material fact, except for the relief to be granted. *Id.,* pp 369-370, citing 1979 AC, R 38.155. Where a motion is made based on the lack of any genuine issue of material fact, as in this case, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987).

Here, respondent challenges the commission's decision on the liability issue on the basis that the commission failed to address the effect of Article IX of the collective bargaining agreement on petitioner's claim and did not examine the relative qualifications of petitioner as compared to those candidates who actually filled the learning disabilities positions subsequent to April 29, 1982. Neither of these specific issues was presented to the commission by respondent in opposing petitioner's motion for summary judgment. Nor were the issues addressed by the commission in granting the motion. Accordingly, we deem the issues waived. *Tomiak v Hamtramck School Dist,* 426 Mich 678; 397 NW2d 770 (1986).

Even if respondent had properly presented the issues to the commission, its arguments would fail on the merits. First, it was not necessary for the commission to examine the relative qualifications of petitioner as compared to those candidates who actually filled the positions. The commission's decision was limited to a holding that respondent was obligated to recall petitioner for a learning disabil-

ities position before applying for a permit or a renewal for temporary approval for someone else. A "temporary approval" candidate is by definition not fully certified. 1979 AC, R 340.1783. Since a school district may fill a position with a person on "temporary approval" only where a fully certified teacher is unavailable, petitioner, who was fully certified as of April 29, 1982, should have been chosen for any learning disabilities openings ahead of any temporary approval candidate. See 1979 AC, R 390.1141.

Secondly, any argument by the respondent premised on the collective bargaining agreement is unpersuasive. MCL 38.105; MSA 15.2005 provides that a tenured teacher whose employment is terminated because of a necessary reduction in staff shall be appointed to the first vacancy for which he is certified and qualified and MCL 38.172; MSA 15.2054 provides that "[n]o teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board."

We have considered respondent's other arguments and find no merit. Respondent gives only cursory treatment to the question whether the petition was timely, asserting that a factual dispute can be deduced from the record. Normally, we decline to review issues given cursory treatment by a party on the basis that a litigant may not simply assert error and then leave it to this Court to discover and explain the basis for that claim. *Branch Co Bd of Comm'rs v Service Employees Int'l Union,* 168 Mich App 340, 346; 423 NW2d 658 (1988). In any event, respondent conceded in the circuit court proceedings that respondent did not give petitioner adequate notice of vacancies and the circuit court's limited holding that the lack of notice tolls the statutory appeal

period is supported by *Kramer v Van Dyke Public Schools,* 134 Mich App 479; 351 NW2d 572 (1984), lv den 421 Mich 853 (1985).

Contrary to respondent's assertion, the commission did not simply gloss over a very complex case. The commission fully considered the matters raised by the parties in their respective motions. Respondent had an opportunity to oppose petitioner's motion by setting forth specific facts demonstrating a genuine issue for trial on the question of liability, but failed to meet this burden. Nor has respondent demonstrated any incorrect legal standard applied by the commission in granting summary judgment in favor of petitioner. The circuit court correctly ruled that the issues raised by respondent were either without merit or were not preserved for appellate review by presentment to the commission at the time the issue of liability was considered and disposed of on the parties' respective motions. Accordingly, we affirm the February 1, 1988, order of the circuit court which affirmed the commission's decision in its entirety and remanded the matter to the commission for further administrative proceedings.

Affirmed.