*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAINBOW CONSTRUCTION, INC,

      Plaintiff-Appellant,

and

DANIEL NAWROT, VITTORIO DIZAZZO,
PAOLO GITULLI, CARL F. SCHIER, PLC, and
CARL F. SCHIER,

      Plaintiffs,

v

HOWELL TOWNSHIP, FAHEY SCHULTZ,
BURZYCH RHODES, PLC, JOHN S. BRENNAN,
WILLIAM K. FAHEY, AND STEPHEN J.
RHODES,

      Defendants-Appellees.

UNPUBLISHED
November 30, 2023

No. 359353
Ingham Circuit Court
LC No. 21-000079-NZ

Before: BOONSTRA, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Plaintiff, Rainbow Construction, Inc., appeals as of right the trial court's order granting defendants summary disposition under MCR 2.116(C)(8) and (10). We affirm.

## I. FACTS

In this lawsuit, plaintiff Rainbow Construction, Inc. (Rainbow), three of its officers, and its legal counsel allege malicious prosecution and intentional infliction of emotional distress against defendant Howell Township and its legal counsel. This case originates from a contract

dispute between Rainbow and the Township. This is the fourth time this dispute has made its way to this Court.

In 2005, Rainbow entered into a contract with the Township to build a public water and sewer extension. After a series of construction problems and delays, Rainbow substantially completed the project five months after the contract deadline. The Township contended that Rainbow was in default of the contract, and Rainbow contended that the Township had failed to provide vital information at the inception of the project, thereby creating delays and additional expense in completing the project.

In 2012, Rainbow brought suit against the Township for breach of contract and innocent misrepresentation. The trial court denied the Township's motion for summary disposition under MCR 2.116(C)(7), in which the Township contended that the claims were barred by the statute of limitations. On appeal, this Court affirmed the trial court's holding that Rainbow's breach of contract claim was not barred by the statute of limitations, reversed the trial court's holding regarding the claim of innocent misrepresentation, which this Court found to be time-barred, and remanded the case to the trial court. *Rainbow Constr, Inc v Howell Twp*, unpublished per curiam opinion of the Court of Appeals, issued February 24, 2015 (Docket No. 318591), p 3-4.

The case returned to this Court in 2017 when Rainbow appealed a number of the trial court's orders, including the trial court's order determining that Rainbow's amended complaint was frivolous and imposing sanctions. This Court reversed the trial court's finding that Rainbow's cause of action was frivolous, vacated the attendant award of sanctions, remanded the matter to the trial court, and otherwise affirmed the trial court's orders. *Rainbow Constr, Inc v Howell Twp*, unpublished per curiam opinion of the Court of Appeals, issued November 14, 2017 (Docket Nos. 332621, 333336, 335140, 335142), p 8-10.

On remand, the trial court required the Township to reimburse Rainbow for the previously paid but erroneously awarded sanctions, but declined to reach additional issues as outside the scope of the remand. By contrast, Rainbow interpreted this Court's remand order to call for continued litigation of issues predating the appeals. On appeal once again to this Court, this Court affirmed the trial court's order. *Rainbow Constr, Inc v Howell Twp*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2021 (Docket No. 354213).

While the third appeal was pending before this Court, Rainbow, three of its officers, and its legal counsel filed this lawsuit against the Township and its legal counsel, alleging malicious prosecution and intentional infliction of emotional distress. In lieu of filing an answer to the complaint, defendants moved for summary disposition under MCR 2.116(C)(8) and (10). The trial court granted defendants' motions. Rainbow now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Rainbow contends that the trial court erred by granting defendants' motions for summary disposition. We review de novo the trial court's decision to grant or deny summary disposition.

-2-

*Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a grant or denial of summary disposition under MCR 2.116(C)(8), we consider the motion based upon the pleadings alone and accept all factual allegations as true. *Id*. Summary disposition under MCR 2.116(C)(8) is warranted when the claim is so unenforceable that no factual development could justify recovery. *Id*. at 160.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id*. When reviewing a motion for summary disposition granted under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party, *id*., and will find that a genuine issue of material fact exists if "the record leaves open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citations omitted).

## B. PROPRIETY OF THE MOTIONS

Rainbow contends that the trial court erred by granting defendants' motions for summary disposition, which Rainbow asserts were legally insufficient and frivolous. Rainbow argues that the Township and its attorneys failed to file an answer responding to the factual allegations and instead sought summary disposition without providing affidavits, thus failing to respond directly to plaintiffs' allegations and thereby essentially defaulting. Rainbow also argues that defendants filed their motions before discovery commenced, thus preventing plaintiffs from engaging in discovery.

Although the trial court in this case did not specify the subrule under which it granted the motions, the trial court evaluated plaintiff's claims on their face without referencing defendants' exhibits, indicating that it decided the matter under (C)(8). The trial court's decision thus required no evidentiary support from defendants. Further, a defendant may respond to a complaint by filing a motion for summary disposition in lieu of an answer, and is not required to await discovery. See *West v Dep't of Natural Resources*, 333 Mich App 186, 190; 963 NW2d 602 (2020).

We also disagree that defendants' motions for summary disposition were frivolous. A claim or defense is frivolous if (1) the party's primary purpose was to harass, embarrass, or injure the prevailing party, or (2) the party had no reasonable basis upon which to believe the underlying facts were true, or (3) the party's position was devoid of arguable legal merit. MCL 600.2591(3); *Cvengros v Farm Bureau Ins Co*, 216 Mich App 261, 266-267; 548 NW2d 698 (1996). In this case, Rainbow did not demonstrate that in moving for summary disposition defendants had as a primary purpose to harass, embarrass, or injure, nor that the motions had no reasonable basis or were devoid of arguable legal merit. Rainbow thus failed to show that the trial court erred by declining to find defendants' motions frivolous.

## C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Rainbow contends that the trial court erred by dismissing the claim of the individual plaintiffs[1] of intentional infliction of emotional distress because plaintiffs demonstrated the elements of that tort. To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must demonstrate that (1) the defendant's extreme and outrageous conduct, (2) intentionally or recklessly, (3) caused, (4) the plaintiff's severe emotional distress. See *Swain v Morse*, 332 Mich App 510, 534; 957 NW2d 396 (2020). In this case, the trial court did not reach the substantive merits of plaintiffs' claim of intentional infliction of emotional distress, and instead dismissed this claim on the basis that the individual plaintiffs lacked standing to maintain a claim for intentional infliction of emotional distress. Rainbow argues that the trial court erred in doing so. We observe, however, that the claim of appeal in this case identifies only Rainbow as appellant. Because the individual plaintiffs are not appellants, they cannot raise issues on appeal, and Rainbow is not entitled to assert the rights of the individual plaintiffs. See *Branch Co Bd of Comm'rs v Serv Employees Int'l Union, Local 586*, 168 Mich App 340, 346; 423 NW2d 658 (1988) (one party cannot claim another party's appellate opportunities). Because Rainbow is not the proper party to raise this issue on appeal, we decline to reach this issue.

## D. LITIGATION PRIVILEGE

Rainbow contends that Michigan should adopt the position that litigation privilege, which provides legal counsel privilege against tort claims arising from the pleadings and other statements in legal proceedings, does not apply to actions for malicious prosecution. Before the trial court, the law firm defendants invoked litigation privilege as protecting them regarding their prosecution of the underlying contract dispute. Rainbow opposed application of the litigation privilege doctrine, which Rainbow argued was an issue of first impression in Michigan. The trial court did not expressly address this issue and instead more narrowly held that only parties involved in the underlying contract dispute litigation (that is, not the individual plaintiffs) could properly maintain a claim for malicious prosecution. The trial court then granted defendants summary disposition of Rainbow's claim on other bases.

Rainbow argues on appeal that defendants should not be able to successfully assert the defense of litigation privilege, urging this Court to adopt jurisprudence from other states. Defendants, however, did not successfully assert the defense of litigation privilege before the trial court; although they raised that defense, the trial court granted defendants summary disposition on different bases. As a result, even if Rainbow prevailed on this issue on appeal, it would have no effect on whether the trial court's decision was correct. Because this Court is an error-correcting court, and the trial court did not grant defendants summary disposition on the basis of litigation privilege or otherwise decide the applicability of litigation privilege to claims of malicious prosecution, we decline to reach this issue.

---

[1] Counsel for Rainbow acknowledged during the hearing before the trial court on the motions for summary disposition that only the individual plaintiffs, and not Rainbow, a corporation, were alleging intentional infliction of emotional distress.

## E. MALICIOUS PROSECUTION

Rainbow contends that the trial court erred by dismissing its claim of malicious prosecution because it had demonstrated the elements of that tort. To demonstrate malicious prosecution of civil proceedings, the plaintiff must establish (1) that prior proceedings were terminated in favor of the present plaintiff, (2) lack of probable cause in the prior proceedings, and (3) malice. *Friedman v Dozorc*, 412 Mich 1, 48; 312 NW2d 585 (1981). Malice is "a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based." *Id*. The plaintiff also must prove special injury as a result of the defendant's institution of civil proceedings. *Id.* at 42. The trial court, however, did not determine whether Rainbow demonstrated the elements of malicious prosecution and instead dismissed Rainbow's claim of malicious prosecution based upon lack of standing and res judicata, as well as probable cause. Because the trial court granted defendants summary disposition on other bases, resolving this issue in Rainbow's favor would have no effect on the validity of the trial court's decision. We therefore decline to reach this issue.

## F. GARNISHMENT

Rainbow contends that defendants' collection efforts pursuant to the writ of garnishment in the earlier proceedings violated the court rules and resulted in a seizure of Rainbow's property, demonstrating malice and causing special damages. We conclude that the propriety of defendants' garnishment activities in the previous case is not properly before this Court.

Rainbow opposed defendants' motions for summary disposition in this case, arguing that an appeal from the unsatisfactory resolution of the garnishment claims on remand in the earlier cases was still pending before this Court. The trial court concluded that Rainbow's failure to prevail regarding garnishment in earlier litigation left Rainbow without recourse on that issue in this litigation. We agree that Rainbow's claim in this regard is precluded by res judicata.

Res judicata precludes relitigation of a claim that is based upon the same underlying transaction litigated in a prior case. *Zelasko v Charter Twp of Bloomfield*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359002); slip op at 10. An action is barred by res judicata when a prior action was decided on the merits, the actions involved the same parties or their privies, and the matter in the subsequent action was or could have been resolved in the first action. *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). If the same facts or evidence would sustain both actions, the actions are the same for purposes of res judicata. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003).

In the parties' prior contract dispute, Rainbow asserted that Howell Township improperly executed a writ of garnishment, but mainly challenged the underlying award of sanctions for frivolous pleading. Rainbow obtained appellate review regarding the sanctions, but did not challenge the propriety of the Township's collection efforts, even though the earlier litigation provided Rainbow the opportunity to do so. In remanding the prior case to the trial court, this Court stated that "our determination that no sanctions should have been awarded over frivolous pleading does not render moot issues relating to how Howell will collect fees and costs awarded as case evaluation sanctions." *Rainbow Constr, Inc* (Docket Nos. 332621, et al), unpub op at 13 n 6. Rainbow argues that "[t]he lower court's disregard of the Court of Appeals' holding on mootness is the subject of Court of Appeals Case No. 354213, and Supreme Court Case No.

164028." In fact, this Court's decision in Docket No. 354213 was issued on December 21, 2021, months before Rainbow filed its brief in this case on April 7, 2022. This Court disposed of the garnishment issues as follows:

> The [trial] court acknowledged that this Court had stated that the issue of how defendant would collect fees and costs arising from case-evaluation sanctions was not rendered moot by this Court's decision disapproving the awards of fees and costs arising from findings of frivolousness, but reasoned that "the issue is rendered moot for another reason," explaining:
>
> > Defendant had already collected the award, and this Court rejected Plaintiff's challenges to the collection on October 4, 2016. Plaintiff never appealed the issue of the collection, nor timely filed a motion for reconsideration on that issue. Defendant's collection of the fees and costs awarded as case evaluation sanctions has already occurred and is valid. Additionally, nowhere did the Court of Appeals opinion state that this Court was to address the issue of collection on remand—only that the Court of Appeals itself did not address the issue. There are no issue[s] remaining on remand for the Court to address.
>
> We agree with the trial court that this Court, with its observations in a footnote, only acknowledged that, because proceedings on remand would require adjustments in the parties' relative financial positions, some of plaintiff's objections concerning defendant's alleged collection improprieties, over which this Court expressed no opinion, might remain in play. Indeed, by stating that its resolution of the earlier appeal "does not render moot issues relating to how [defendant] *will* collect fees and costs awarded as case evaluation sanctions," this Court signaled that it only envisioned potential litigation of collection issues that might arise from post-remand activities. Plaintiff's suggestion that the trial court failed to respond to this Court's remand order when it determined that issues over collection efforts dating from 2016 were no longer actionable is therefore inapt.
>
> For these reasons, we will not give plaintiff a second opportunity to present issues relating to defendant's 2016 collection efforts that plaintiff argued, but failed to properly present for consideration, in the earlier consolidated appeals in this case. [*Rainbow Constr, Inc* (Docket No. 354213), unpub op at 2-3 (citation omitted).]

We therefore conclude that the trial court correctly determined that the propriety of defendants' garnishment actions was not properly before it.  Accordingly, Rainbow's attempt to revive that issue in this appeal is precluded.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Christopher P. Yates